IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KIM K. SUMNER,                                ✦

   *Plaintiff*                             ✦

v                                             ✦     Civil Action No. JRG-13-539

MARYLAND JUDICIARY/                           ✦
DISTRICT COURT OF MARYLAND,
   *Defendant*                           ✦

                          ✦ ✦ ✦ ✦ ✦

## MOTION TO STRIKE EXHIBIT

Defendant Maryland Judiciary/District Court of Maryland, by its undersigned counsel, moves to strike Plaintiff's exhibit 8, (ECF 11-9), and in support of that motion submits this memorandum of law.

### ARGUMENT

In opposition to Defendant's motion for summary judgment, Plaintiff attempts to introduce an unrelated, unsigned, and unverified complaint with the Commission on Judicial Disabilities.  Complaints against judges are governed by Maryland Rules 16-803 to 16-810.  The rules, adopted by the Court of Appeals, establish a Commission on Judicial Disabilities, and govern the conduct of judges in Maryland.  Complaints against judges are governed by Md. Rule 16-805, which provides, in pertinent part, that:

> All complaints against a judge shall be sent to Investigative Counsel. Upon receiving a complaint that does not qualify as a formal complaint but indicates that a judge may have a disability or have committed sanctionable conduct, Investigative Counsel shall, if possible: (1) inform the complainant of the right to file a formal complaint; (2) inform the complainant that a formal complaint must be supported by affidavit and provide the complainant with the appropriate form of affidavit; and (3) inform the complainant that unless a formal complaint is filed within 30 days after the date of the notice, Investigative Counsel is not required to take action, and the complaint may be dismissed.

Md. Rule 16-805(a).  All proceedings under Md. Rule 16-805 are confidential.  Md. Rule 16-810(a)(2).  Because ECF 11-9 is inadmissible hearsay and because it is confidential as a matter of law, ECF 11-9, must be stricken and cannot form the basis of a genuine dispute of a material fact.

To withstand a summary judgment motion, the nonmoving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. *See* Fed. R. Civ. P. 56(c)(1); *Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc.*, 673 F.3d 294, 299 (4th Cir. 2012); *Pension Ben. Guar. Corp. v. Beverley*, 404 F.3d 243, 246-47 (4th Cir. 2005).  While a party may support its position on summary judgment by citing to almost any material in the record, the party's reliance on that material may be defeated if "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

The alleged complaint against Judge Hargrove is unsigned, unsworn and unverified and its content would be inadmissible hearsay. *See* Fed. R. Civ. P. 56(c)(4);

*Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) ("[S]ummary judgment affidavits cannot be conclusory or based upon hearsay." (citations omitted)).

Because proceedings which do not result in disciple by the Commission on Judicial Disabilities are themselves confidential, Plaintiff cannot offer the substance of the complaint "in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Therefore, Plaintiff cannot produce admissible evidence to support the assertions contained in the Complaint. *See* Fed. R. Civ. P. 56(c)(1)(B), (c)(2).

This Court's determination regarding the admissibility of evidence for summary judgment purposes is reviewed for an abuse of discretion. *See Nader v. Blair*, 549 F.3d 953, 963 (4th Cir. 2008).  Therefore, this Court should exercise its considered discretion and strike the exhibit as inadmissible in its entirety.

**WHEREFORE**, Defendant respectfully requests that this Court **GRANT** this motion and dismiss this case with prejudice or enter judgment in its favor as a matter of law.

Respectfully submitted,

Douglas F. Gansler
Attorney General of Maryland

and

*H. Scott Curtis*

H. Scott Curtis
Assistant Attorney General
Federal Bar No. 08313
200 St. Paul Place
20th Floor
Baltimore, Maryland 21202
(410) 576-6576
(410) 576-6393 (fax)
hcurtis@oag.state.md.us

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this August 25, 2013, a copy of the foregoing was served by electronic means via the Court's Case Management / Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice, and by US Mail, postage prepaid to:

Kim K. Sumner
22 Carroll Street
Westminster, MD 21157

*H. Scott Curtis*

H. Scott Curtis
Assistant Attorney General

4