**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

KIM K. SUMNER,

                Plaintiff,

v.                             CIVIL ACTION NO.   1:13-cv-00539

MARYLAND JUDICARY/DISTRICT COURT
OF MARYLAND,

                Defendant.

## ORDER

Pending before the court is the defendant's Motion to Dismiss, or, in the Alternative for Summary Judgment [Docket 9]. For the reasons stated below, the defendant's motion to dismiss is **DENIED**. The defendant's alternative motion for summary judgment is **DENIED** as premature.

### I. Background and Procedural History

This case arises from the undisputed sexual harassment and intimidation of the plaintiff by an administrative clerk employed by the Baltimore City Court. The plaintiff is a human resources associate at the District Court of Maryland. On February 24, 2011, the plaintiff filed an internal complaint with the Judiciary's Office of Fair Practices ("OFP") regarding the administrative clerk's behavior towards her. The internal complaint alleged that the administrative clerk gave her DVDs containing pornographic movies and requested that she search the internet for men's long underwear that he wanted to purchase. (Def.'s Mem. of Law in Supp. of Mot. to Dismiss, or, in the Alternative for Summ. J. [Docket 9-1], at 2-3).

In response to the internal complaint, OFP acting manager Larry Jones initiated an investigation. (*Id.* at 3). OFP interviewed the plaintiff about her complaint and alerted the Baltimore City District Court Administrative Judge, John R. Hargrove, Jr., about its contents. (*Id.*). The administrative clerk was instructed to not have further contact with the plaintiff. (*Id.*).

On August 2, 2011, Mr. Jones made a final investigative determination that the administrative clerk sexually harassed and intimidated the plaintiff. (*Id.* at 3-4). Judge Hargrove and Chief Judge Clyburn suspended the administrative clerk for thirty days without pay, effective August 24, 2011. (*See id.* [Docket 9-2], at Ex. 4). When the administrative clerk returned to work, he received a written warning indicating that the recurrence of his behavior, or any retaliatory behavior, would result in immediate termination. (*See id.* at Ex. 7).

On September 1, 2011, the plaintiff requested that her office be moved from the Borgerding District Court Building to the Shillman Building so she would not have to work in the same building as the administrative clerk. (*Id.* [Docket 9-1], at 5). The plaintiff met with Judge Hargrove and Lavone Grant, the plaintiff's immediate supervisor, on September 8, 2011 to discuss the feasibility of her request. (*Id.*). The parties dispute whether it was feasible for the plaintiff to move into the Shillman Building, which was under renovation at the time, or the Civil Division. (*See* Opp'n to Mot. to Dismiss/Summ. J. [Docket 11], at 5-7; Def.'s Mem. of Law in Supp. of Mot. to Dismiss, or, in the Alternative for Summ. J. [Docket 9-1], at 7). The plaintiff turned down an offer to move into the Hargrove Court House. (Opp'n to Mot. to Dismiss/Summ. J. [Docket 11], at 7).

On October 28, 2011, the plaintiff filed a complaint with the Maryland Commission on Civil Rights. The Commission investigated the findings and found no probable cause to believe that the defendant had retaliated against the plaintiff or discriminated against her based on race or

sex. (*See* Def.'s Mot. to Dismiss or, in the Alternative for Summ. J. [Docket 9-2], at Ex. 12). The Equal Employment Opportunity Commission issued the plaintiff a right-to-sue letter on December 3, 2012. (*See id.* at Ex. 13).

The plaintiff filed the instant action on February 20, 2013. The plaintiff alleges "sexual harassment" in violation of Title VII of the Civil Rights Act of 1964. (*See* Compl. [Docket 1], at 3). The plaintiff seeks unspecified damages for "lost time, pain, and mental anguish," and an injunction for "[r]emoval of the administrative clerk." (*Id.*). The defendant moved to dismiss for failure to state a claim, or, alternatively, for summary judgment. The plaintiff argues that the 30 day suspension was not an adequate punishment. (*See* Opp'n to Mot. to Dismiss/Summ. J. [Docket 11], at 3).

## II.     The Defendant's Motion to Dismiss for Failure to State a Claim

The defendant moves to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted. For the reasons discussed below, the defendant's motion to dismiss is **DENIED**.

### A.     Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court stated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 556 U.S. at 677-78. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim cross the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In order to establish a cause of action for a hostile work environment based on sex discrimination under Title VII of the Civil Rights Act of 1964, a plaintiff must plead that "the offending conduct (1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc).

**B.     Analysis**

4

I **FIND** that the plaintiff has pleaded sufficient facts to state a claim under Title VII. The plaintiff has pleaded facts sufficient to show that the offending conduct was unwanted and based on her sex. The plaintiff states that the administrative clerk gave her pornographic DVDs, asked her to search for "men's underwear sites" on the internet, and used "vulgar and degrading terminology regarding women." (Compl. [Docket 1], at 3).

The complaint also shows that the offending conduct was sufficiently severe and pervasive to create an abusive work environment. This element entails both subjective and objective components. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). The plaintiff subjectively believes the conduct was severe and pervasive enough to create a "hostile environment." (Compl. [Docket 1], at 3). A reasonable person would find the alleged conduct severe and pervasive because the conduct was sexual in nature and has "continued for many years." (*Id.* at 3).

Finally, the plaintiff has pleaded facts sufficient to impute the behavior to her employer, the defendant. The plaintiff states that the administrative clerk's behavior "has been condoned and has continued for many years, while the Maryland Judiciary either looked the other way, or when complaints were filed, applied minimal punitive actions against the administrative clerk." (*Id.* at 3). The plaintiff states that her supervisor and the clerk's supervisors protected the administrative clerk after the plaintiff complained about his behavior. (*See id.* at 3).

For the reasons stated above, the defendant's motion to dismiss is **DENIED**.

II.     **Defendant's Motion for Summary Judgment**

I **FIND** that the defendant's motion for summary judgment is premature at this time and it is **DENIED**. The defendant's liability may depend, *inter alia*, on the legal status of the administrative clerk. The Supreme Court of the United States recently stated:

5

Under Title VII, an employer's liability for such harassment may depend on the status of the harasser. If the harassing employee is the victim's co-worker, the employer is liable only if it was negligent in controlling working conditions. In cases in which the harasser is a "supervisor," however, different rules apply. If the supervisor's harassment culminates in a tangible employment action, the employer is strictly liable. But if no tangible employment action is taken, the employer may escape liability by establishing, as an affirmative defense, that (1) the employer exercised reasonable care to prevent and correct any harassing behavior and (2) that the plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities that the employer provided.

*Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013). The appropriate legal standard will depend on whether the administrative clerk is considered the plaintiff's supervisor. Accordingly, the court grants leave to the parties to conduct discovery on this issue within the next thirty days. Each party may conduct two depositions of one hour in length, and each party many propound five interrogatories each. At that time, if sufficient grounds exist, the defendant may again move for summary judgment.

## III. Conclusion

For the reasons stated above, the defendant's Motion to Dismiss, or, in the Alternative for Summary Judgment [Docket 9] is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        August 30, 2013

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE