IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**KIM K. SUMNER,**

    Plaintiff,

    v.                                      **CIVIL ACTION NO. JRG-13-00539**

**MARYLAND JUDICIARY/
DISTRICT COURT OF MARYLAND,**

    Defendant.

o0o

**PLAINTIFF'S MOTION FOR CLARIFICATION OF LIMITED-DISCOVERY PROVISO OF ORDER OF SEPTEMBER 3, 2013; FOR EXTENSION OF TIME, IF NECESSARY, TO CONDUCT LIMITED DISCOVERY; AND LEAVE TO PROPOUND REQUESTS FOR ADMISSION OF FACTS**

Kim K. Sumner, Plaintiff, by and through undersigned counsel, Gerardine M. Delambo, submits this Motion for three elements of relief: (a) clarification of the Order of September 3, 2013 (ECF 19), to confirm that the court intends that the parties *commence* the permitted discovery, concerning the supervisory status of the alleged perpetrator[1] of the sexual harassment complained of herein, within 30 days from the entry of the subject Order; (b) that, if necessary, the time for *completion* of the subject discovery be extended to allow the permitted discovery to proceed in accordance with the pertinent rules; and (c) that Plaintiff be granted leave to propound as many as five requests for admission.

---

[1] The alleged perpetrator is Lonnie Ferguson, Administrative Clerk of District 1 (Baltimore City) of the District Court of Maryland.

*A. Request for clarification.*

The subject Order "grant[ed] leave to the parties to *conduct* discovery on this issue *within the next thirty days*" [emphasis supplied], with "this issue" being defined by the court as "whether the administrative clerk [the alleged perpetrator of the sexual harassment complained of by the plaintiff] is considered the plaintiff's supervisor". [2]

Local Rule 104.2[3] admonishes that discovery requests must be served "at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court."  But it would have been virtually impossible for the parties to comply with the foregoing proviso – even if Plaintiff had been represented by counsel on September 3. Therefore, undersigned counsel assumes that the court intended that the parties would commence

---

[2] The court's complete statement of the issue and its grant of leave to conduct discovery, ECF 19 at 6, is as follows:

> The appropriate legal standard will depend on whether the administrative clerk is considered the plaintiff's supervisor.  Accordingly, the court grants leave to the parties to conduct discovery on this issue within the next thirty days.  Each party may conduct two depositions of one hour in length, and each party may propound five interrogatories each.  At that time, if sufficient grounds exist, the defendant may again move for summary judgment.

[3] The full text of Local Rule 104.2 is as follows:

[104.]2.  Timely Written Discovery Requests Required

Interrogatories, requests for production, motions for physical and mental examination, and written deposition questions must be made at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court.  Unless otherwise ordered by the Court, no discovery deadline will be extended because written discovery requests remain unanswered at its expiration.

the specified discovery within the 30-day period it had prescribed and requests a clarification to that effect.

### B. *Request for an enlargement of time.,*

If, however, the court did intend for the parties to complete the permitted discovery within 30 days, then Plaintiff must request that that deadline be extended so that the subject discovery – which undersigned counsel intends to serve by email on this date, with a printed copy to follow by first class mailing if requested by Defendant's counsel[4] – can proceed. Here is a brief history of undersigned counsel's involvement in the instant case:

1. Undersigned counsel entered her appearance in this case on September 28, 2013 (a Saturday). Until undersigned counsel entered her appearance as aforesaid, Plaintiff was unable to secure counsel. "I cannot even get a lawyer to help me," Plaintiff stated in her *pro se* Complaint, filed February 20, 2013. (ECF 1).

2. On Monday, September 30 – the first business day after entry of undersigned counsel's entry of appearance, a proposed stipulation was communicated to Defendant's counsel, Assistant Attorney General H. Scott Curtis. Mr. Curtis responded promptly, but in his response there was no indication of whether he would agree to the proposed stipulation, or even an acknowledgment that he had received the proposal.

3. On Wednesday, October 3 – the third business day after undersigned counsel's appearance was entered, a further communication was directed to Mr. Curtis to inquire whether he would agree to the proposed stipulation. In that same communication (via email), undersigned counsel inquired also whether Mr. Curtis would consent to a motion to enlarge the

---

[4] Undersigned counsel agrees to service of discovery requests and other papers via her email, sparky4242@comcast.net.

time allowed by the court for conducting the limited discovery described above. As of this writing (more than 24 hours after the inquiry seeking Mr. Curtis' consent to an enlargement of time), no response has been received.

Plaintiff submits that the foregoing amply demonstrates such diligence as to warrant the modest relief requested herein, which could in no way prejudice the Defendant, for whose benefit two enlargements of time have been granted.[5] Furthermore, granting the requested extension of time would provide a further indication that the court intended only that the parties commence the limited discovery within 30 days following the subject Order.

### C. Plaintiff's request for leave to propound requests for admission.

Plaintiff submits that the issue of whether the Administrative Clerk was her supervisor is one that can easily be resolved by use of one or more requests for admission. Accordingly, granting leave for Plaintiff to utilize this mechanism would likely conserve the resources of both sides and further the interest of judicial economy, as well.

**WHEREFORE,** Plaintiff prays that the court enter an Order:

A. Providing that the parties are permitted to commence the limited discovery prescribed in the Order of September 3, 23013, within 30 days of the latter Order;

B. Further clarifying the Order of September 3, 2013, by providing expressly that the limited discovery permitted by the latter Order shall be completed in accordance with pertinent rules; and

---

[5] Defendant filed motions to extend time on May 22, 2013, and August 31, 2013 (ECF 8 and ECF16, respectively), and both motions were granted.

    C. Granting leave for Plaintiff and Defendant to propound requests for admission concerning the supervisory status of Administrative Clerk Lonnie Ferguson *vis-a-vis* Plaintiff during all times pertinent hereto.

    D. Providing such other and further relief as may be just and necessary.

Respectfully submitted,

_____

GERARDINE M. DELAMBO  
705 Deepdene Road  
Baltimore, Maryland 21210  
410-433-1132  
Fax: 1-443-817-0674  
Sparky4242@comcast.net  
Fed. Bar No. 28175

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this <u>3d</u> day of October, 2013, a copy of the instant motion was sent by electronic submission to Douglas Gansler, Maryland State Attorney General, 200 St. Paul Street, Baltimore, Maryland 21202 and to H. Scott Curtis, Esquire, Assistant Attorney General, 200 St. Paul Street, Baltimore, Maryland 21202.
    `

_____

Gerardine M. Delambo