IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

(Northern Division)


KIM K. SUMNER,

      Plaintiff,

      v.                              CIVIL ACTION NO. 1:13-cv-00539

MARYLAND JUDICIARY /

DISTRICT COURT OF MARYLAND,

      Defendant.


JOINT REPORT OF RULE 26(f) MEETING:
PROPOSED DISCOVERY PLAN AND
SCHEDULE


1. Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on November 4, 6, 12, 18, 19, 21, 25, and 26, 2013, via email and on November 18, 2013, by telephone.  The meeting was attended by:

      Gerardine M. Delambo for plaintiff(s)
      Michele J. McDonald for defendant(s) Maryland Judiciary/District Court of Maryland

2. Pre-Discovery Disclosures. The parties will exchange by December 11, 2013 the information required by Fed.R.Civ.P. 26(a)(1).

3. Discovery Plan. The parties jointly propose to the court the following discovery plan:

A.  Plaintiff asserts discovery will be needed as set forth below.

Discovery is needed by Plaintiff concerning claims and defenses identified in or otherwise implicated or suggested by the pleadings or other filings herein, including but not limited to the following:

(1) **Knowledge of superiors of Lonnie Ferguson concerning his history of improper interactions with female subordinates.**

(2) **Disciplinary history of Mr. Ferguson.**

(3) **Any history of any mental health treatment or sensitivity or other training or counseling sought or undergone by Mr. Ferguson to address any psychological tendency or predisposition to engage in sexual harassment or other unlawfully discriminatory behavior(s) or other insensitivity to the rights of females, or any such mental health treatment or sensitivity or other training or counseling that Mr. Ferguson's superiors ordered him to undergo or recommended that he undergo.**

(4) **History of Mr. Ferguson's relationships with his superiors and other individuals in positions of authority within the Maryland Judiciary, including but not limited to the Hon. John R. Hargrove, Jr., the Hon. Ben Clyburn, the Hon. Keith Mathews, Sharon Ball, Lavone Grant, Larry D. Jones (formerly acting manager, Office of Fair Practices of the Maryland Judiciary), other supervisory employees of the District Court of Maryland, other judges of the District Court of Maryland.**

(5) **Other complaints (other than that of Plaintiff) by or on behalf of employees or former employees of the District Court of Maryland or applicants for employment by the District Court of Maryland of sexual harassment or gender discrimination, and any other, similar complaints against or resulting from the alleged actions or omissions of any employee or official of the District Court of Maryland, and the details and disposition of any such complaints.**

(6) **Measures taken by the District Court of Maryland as a result of or to prevent or discourage repetition of events that prompted complaints of sexual harassment or unlawful discrimination.**

(7) **Availability of alternative work space for Plaintiff – i.e., work space other than in the location where she worked at the time of the alleged sexual harassment complained of herein -- and any knowledge of the Hon. John R. Hargrove, Jr., during his tenure as Administrative Judge of District 1 of the District Court of Maryland concerning the availability of such alternative work space.**

(8) **Treatment by the Hon. John R. Hargrove, Jr., during his tenure as Administrative Judge of District 1 of the District Court of Maryland, of female employees of the District Court of Maryland, including other judges.**

**NOTE CONCERNING THE PARTIES RESPECTIVE POSITIONS CONCERNING THE SCOPE OF PLAINTIFF'S DISCOVERY AS SET FORTH ABOVE:**

**Defendant does not agree to or consent to this proposed discovery and states that the discovery requested by Plaintiff far exceeds the causes of action and claims alleged in the**

complaint and appears to concern claims not articulated and defendants not named. Plaintiff has stated an intention to amend the complaint but has not done so.  Defendant asserts that the discovery plan should be based on the existing pleadings and may be amended if necessary if the pleadings are amended.  Defendant expressly objects to (1), (3), (4), (5), (6) and (8).  Plaintiff believes that the discovery specified above is necessary to test the sufficiency and/or *bona fides* of the protective and/or remedial measures that Defendant(s) will undoubtedly raise as part of a renewed *Vance* defense.  Defendant disputes Plaintiff's assertion as (3), (4), (7), and (8) have no bearing on any affirmative defense.

**B.  Defendant asserts discovery will be needed on the following subjects:**

(1)  Plaintiff's allegations of unlawful harassment (scope of allegations);
(2) Mr. Ferguson's status as supervisor (see also court order);
(3) Whether Plaintiff suffered an adverse employment action;
(4) Defendant's complaint mechanism and remedial action (*Farragher* affirmative defense) and Plaintiff's use of complaint mechanism; and
(5) Damages (plaintiff's alleged injuries, losses, medicals, etc).

**C.  All discovery commenced in time to be completed by July 15, 2014. Any party requesting an enlargement of time for responding to a discovery request shall be deemed as joining in any subsequent request by another party for an extension of the deadline for completion of all discovery.  Discovery on issue of Mr. Ferguson's status as supervisor to be completed by January 8, 2014 (requested extension of court's order).**

**D.  (1)  Discovery shall be conducted by the respective parties in accord with the pertinent rules, except that responses to written discovery requests may be served within 45 days after service of the respective requests.**

**(2)  Reports from retained experts under Rule 26(a)(2) due:**
**from plaintiff(s) by  30 days after completion of discovery**
**from defendant(s) by  30 days after plaintiff's disclosure**

**(3)  Supplementations under Rule 26(e) due within 30 days.**

**4. Other Items.**

**A. The parties do not request a conference with the court before entry of the scheduling order.**

**B.  The parties request a pretrial conference in November 2014.**

**C.  Plaintiff(s) should be allowed until January 31, 2014 to join additional parties and until December 31, 2013, to amend the pleadings.**

**D.  Defendant(s) should be allowed until March 3, 2014 to join additional parties and until January 31, 2014 to amend the pleading.**

**E.  All potentially dispositive motions should be filed by September 15, 2014, and the opposition to such a motion should be filed within 30 days of service, with any reply by the moving party to be filed within 15 days of service of the opposition.**

**F.  Settlement is possible. Settlement may be enhanced by use of the following alternative dispute resolution procedure: settlement conference with magistrate judge selected by the court.**

**G.  Final lists of witnesses and exhibits under Rule 26(a)(3) and Local Rule 106.3 and .4 should be provided as part of each party's part of the pretrial order.**

**H.  Parties should have 30 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).**

**I.  The case should be ready for trial by January 2015 and at this time is expected to take approximately seven days, including jury selection.**

**Date: November 26, 2013**


**/s/**
**GERARDINE M. DELAMBO**
**705 Deepdene Road**
**/s/**                                               **Baltimore, MD 21210**
**MICHELE J. McDONALD**                                **410-433-1132**
** Assistant Attorney General**                        **410-443-817-0674 (fax)**
**Bar No. 23603**                                      **sparky4242@comcast.net**
**200 St. Paul Place, 20th Floor**                     **Fed. Bar No. 28175**
**Baltimore, MD 21202**                                **Attorney for Plaintiff**
**(410) 576-6576**
**(410) 576-6393 (fax)**
**mmcdonald@oag.state.md.us**
**Attorneys for State Defendant**