IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MARYLAND

| | | |
|---|---|---|
| KIM K. SUMNER, | * | |
| *Plaintiff* | * | Civil Action No. 1:13-cv-00539-JRG |
| v. | * | |
| MARYLAND JUDICIARY / DISTRICT COURT OF MARYLAND, et al., | * | |
| | * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION TO SEAL EXHIBITS 3 AND 4 AND DOCUMENT NO. 58 MEMORNADUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

In accordance with Local Rule 105.11, the Defendants move for the sealing of the Document No. 58 and Exhibits 3 and 4 filed with Document No. 58, Motion to Dismiss or, in the Alternative, for Summary Judgment.

This Court has in other cases granted motions to seal documents containing information deemed "confidential." *See, e.g., Jarvis v. FedEx Office & Print Servs.*, No. DKC-08-1694, 2011 U.S. Dist. LEXIS 23099 (D.Md. 2011), *aff'd*, 2011 U.S. App. LEXIS 16036 (4th Cir. 2011). To warrant sealing, a confidential document need not be privileged, and the basis for the asserted confidentiality need not be found in federal law. *See, e.g., Stone v. Univ. of Maryland Med. Sys.*, 855 F.2d 178, 181 (4th Cir. 1988) (recognizing that a Maryland statute "reflec[ting] Maryland's strong public policy favoring confidentiality of medical review proceedings" could justify entry of a sealing

order by a federal court and remanding for determination "whether the records sealed came within the [Maryland] statute's coverage").

A document attached to a filing may be order sealed if the Court determines that (1) the document contains information that any party "would consider confidential information"; (2) "[p]ublic access to the document will harm or prejudice…interests" of those affected by the disclosure; and (3) "[a]lternatives to sealing would not afford the parties sufficient protection as the information contained in these documents would become part of the public record and be accessible to everyone through the Court's files." *McCafferty's, Inc. v. Bank of Glen Burnie*, No. MJG-96-3656, 1998 U.S. Dist. LEXIS 12870 at *3 (D.Md. 1988).

Sealing of the Exhibits to this motion is appropriate because they constitute personnel records and contain personal information that is entitled to confidentiality and intended to be protected from public disclosure under Maryland law. *See* Maryland Public Information Act ("MPIA"), Md. Code Ann., State Gov't § 10-616(i) (providing for mandatory nondisclosure of government employees' personnel records requested by members of the public); Md. Code Ann., State Gov't § 10-617(3) (requiring denial of access to a public record containing a public employees' home address or telephone number); *Montgomery Co., Maryland v. Shropshire*, 420 Md. 362, 383 (2011) (holding that records of internal investigation of violations by police officers are "personnel records" under State Gov't § 10-616(i) and "are, therefore, mandatorily exempt from disclosure").

In addition, Exhibit 3 is confidential because it contains records generated as part of Maryland Commission of Civil Rights' internal process for investigation of discrimination complaints, a process that is confidential under State and Judiciary policy.

There is no effective alternative to sealing, and an Order is necessary to protect the confidentiality of the records and information that are entitled to protection under Maryland law. Absent the sealing of these documents, the confidential information they contain will become accessible to the public. Plaintiff will not be prejudiced by the sealing requested and in fact her confidential personnel information will likewise be protected from public disclosure. Electronic copies of the Exhibits to be sealed are being provided to Ms. Sumner's counsel on the date of this filing.

All of the specified Exhibits are considered personnel records of other employees, including Ms. Sumner, and the personnel records of State employees are entitled to confidentiality under the MPIA's mandatory nondisclosure requirement. State Gov't § 10-616(i).

Defendants are filing the Motion, Memorandum and Exhibits presently under seal and will submit a redacted Memorandum for filing tomorrow when secretarial support with access to Adobe Acrobat Pro is available. Counsel does not have the ability to redact the Memorandum without the technical assistance and software of the support staff.

A proposed Order is submitted with this motion.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

/s/
MICHELE J. McDONALD
Assistant Attorney General
Federal Bar No. 23603
200 St. Paul Place, 20th Floor
Baltimore, Maryland 21202
(410) 576–6576  (telephone)
(410) 576–6393  (facsimile)
mmcdonald@oag.state.md.us

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 7, 2014, a copy of the foregoing were served by electronic means via the Court's Case Management / Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice.

Gerardine M. Delambo
705 Deepdene Road
Baltimore, MD 21210
*Attorney for Plaintiff*

/s/
Michele J. McDonald
Assistant Attorney General