IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

**KIM K. SUMNER,**

    **Plaintiff,**

    v.                                            CIVIL ACTION NO. 1:13-cv-00539

**MARYLAND JUDICIARY /
DISTRICT COURT OF MARYLAND,**
*et al.*,

    **Defendants.**

o0o

**PLAINTIFF'S MOTION TO ENFORCE MAY 6, 2014, ORDER (ECF 53) GRANTING JOINT MOTION TO PERMIT DEFENDANTS TO FILE A 'CONSOLIDATED RESPONSIVE PLEADING' ON OR BEFORE JULY 7**

    Plaintiff , Kim K. Sumner, by undersigned counsel, respectfully moves this Court to enforce its Order docketed on May 6, 2014 (ECF 53). That Order "granted" the parties' joint motion – ECF 52, filed May 5, 2014 – that repeatedly expressed the parties' desire that all of the Defendants, including those newly named in the Amended Complaint, ECF 40-1, would be permitted to file a "consolidated responsive pleading" on or before July 7, 2014. ECF 52, *passim*.

    Instead of filing a "responsive pleading" in accord with the Order granting the joint motion, Defendants filed a Motion to Dismiss or, in the alternative, for Summary Judgment and related papers. ECF 58, 63, and related papers. Plaintiff submits that nothing in the text of the joint motion indicates that Defendants were to be allowed to file a "motion" instead of a "pleading". Rule 56 allows the filing of a motion for summary judgment "at any time until 30

days after the close of all discovery." But a motion for summary judgment does not toll the time for filing a "responsive pleading": only a Rule 12(b) motion can do that, and Plaintiff submits that the text of the joint motion and the ensuing order foreclose a Rule 12(b) motion.

By filing of the instant motion, Plaintiff seeks to deprive Defendants of the improper benefit of having presented a potentially dispositive motion that prominently includes defenses – *i.e.,* those within the contemplation of F.R.Civ.P. 12(b) – that Defendants expressly *waived* the right to present *by motion*, and to dispel the prejudice to her interests that flows from Defendants' violation of the subject order.

It is axiomatic that the term "responsive pleading" does not mean or include a "motion". *See*, F.R.Civ.P. 7 and 12(a) and (b).  Equally well established is the rule that summary judgment motions, unlike Rule 12(b) motions, do not toll the time for filing a responsive pleading. *See*, F.R.Civ.P. 12(a)(4).

The more challenging aspect of the present circumstance is to find a remedy that neither ignores the prejudice to Plaintiff from being deprived of the benefits of an Answer to her Amended Complaint nor punishes the Defendants by elevating form over substance. Accordingly, Plaintiff proposes the following relief:

1. That all arguments presented in Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment ("Defendants' pending motion", hereinafter) that raise or implicate any of the defenses that are reasonably within the contemplation of F.R.Civ.P. 12(b) be rejected *without prejudice* to their being renewed in a different procedural setting after the filing and service of Defendants' *Answer* to the Amended Complaint – a "responsive pleading" – as required by the subject Order (ECF 53); and

2.  That disposition of all arguments presented in the pending motion that are available pursuant to F.R.Civ.P. 56 (Summary Judgment) be *stayed* pending service of Defendants' Answer to the Amended Complaint; and

3.  That Plaintiff to be afforded time, after service of Defendants' Answer to the Amended Complaint, to respond to the Rule 56 arguments in accordance with F.R.Civ.P. 56[1] and within the 14 days allowed by Local Rule 105.2.a.; OR

4.  If the Court disagrees with Plaintiff's construction of the aforesaid May 6 Order, allowance of six calendar days (the present remainder of the time for Plaintiff's response to the Defendants' pending motion)[2] from the date of any order denying the instant motion for Plaintiff to file a response to the pending motion.

**WHEREFORE,** Plaintiff requests that this Court enter an Order providing the relief as set forth herein.

Date:  July 18, 2014.

/s/ GERARDINE M.  DELAMBO,
   Attorney for Plaintiff
Bar No. 28175
705 Deepdene Road
Baltimore, MD 21210
410-433-1132; 443-617-0674 (fax)
sparky4242@comcast.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of July, 2014, a copy of the foregoing Motion was

---

[1]  Plaintiff expects to file a Rule 56(d) affidavit as part of her response to the Rule 56 arguments.

[2]  Plaintiff is filing the instant motion on July 18, 2014; the response to the final version of Defendants' pending motion, which was served electronically on July 10, is July 24.

served electronically upon Defendant's counsel, Michele J. McDonald, Assistant Attorney General, at mmcdonald@oag.state.md.us.

/s/ GERARDINE M. DELAMBO