IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

**KIM K. SUMNER,**

    **Plaintiff,**

    v.                                      CIVIL ACTION NO. 1:13-cv-00539-JRG

**MARYLAND JUDICIARY /
DISTRICT COURT OF MARYLAND,**
*et al.,*

    **Defendants.**

o0o

**PLAINTIFF'S OPPOSITION TO SEAL MOTION AND
FILING OF REDACTED MEMORANDUM**

Plaintiff, Kim K. Sumner, by undersigned counsel, OPPOSES the Defendants' motion to seal (ECF 59) the memorandum and exhibits 3 and 4 (ECF 58-1, 63-3, and 63-4)[1] that were filed in support of their Motion to Dismiss, or, in the alternative, for Summary Judgment ("MD-SJ"). (ECF 58 and 63). Plaintiff further opposes the filing of a "redacted" memorandum, ECF 63-1, in support of the MD-SJ. in sum, Plaintiff objects to all or any measure that would obstruct public access to the record of the instant proceeding.

---

[1] Undersigned counsel cannot discern with confidence whether Defendants are still seeking to seal their MD-SJ memorandum despite the filing of a "redacted" version of that same paper, as ECF 63-1, which appears to be intended to supersede ECF 58-1, which was filed tentatively under seal. Accordingly, Plaintiff's argument presented herein applies to *all* efforts of Defendants to obstruct public access to the record in the instant case.

Defendants' reasoning in support of their seal motion falls dramatically short of a justification that would satisfy the standard set forth recently by the Fourth Circuit in *Company Doe v. Public Citizen,* 749 F.3d 246 (4th. Cir. 2014):

> We have cautioned district courts that HN22 the right of public access, whether arising under the First Amendment or the common law, "may be abrogated only in unusual circumstances." Stone [v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 178 (4th Cir. 1988)], 855 F.2d at 182. **\* \* \* [P]ublic access promotes not only the public's interest in monitoring the functioning of the courts but also the integrity of the judiciary. See Columbus-Am. Discovery Grp., 203 F.3d at 303. "Public access serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness."** Littlejohn v. Bic Corp., 851 F.2d 673, 682 (3d Cir. 1988). As Judge Easterbrook, writing for the Seventh Circuit, stated: **"The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like a fiat and requires rigorous justification."** Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006).

[Emphasis supplied.]  *Company Doe, supra*, 749 F.3d at 262.

The *Company Doe* court, quoting from *Fed. Trade Comm'n v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987), noted further:

> "The appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive [or judicial] branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch."

*Company Doe, supra*, 749 F.3d at 271.

Plaintiff submits that the instant action raises very serious issues concerning the conduct, or misconduct, of senior and mid-level officials of Maryland's judiciary.  In large measure the Defendants' seal motion – which is wholly lacking in any attempt to *balance* the private interests its asserts with the transcendent *public* interest vindicated in *Company Dole* – is consistent with

the conduct decried by Plaintiff herein. Thus Defendants cite decisional authorities that are totally inapposite to the circumstances that obtain here. *Jarvis v. FedEx Office & Print Servs.*, No. DKC-08-1694, 2011 U.S. Dist. LEXIS 23099 (D.Md. 2011), aff'd [in a non-precedential one-paragraph *per curiam* decision] 2011 U.S. App. LEXIS 16036 (4th Cir. 2011), and *McCafferty's Inc. v. Bank of Glen Burnie*, No. MJG-96-3656, 1998 U.S. Dist. LEXIS 12870 at *3 (D.MD. 1988), are *private-sector* cases involving issues not remotely comparable, in public importance, to those raised herein.

Equally unavailing (as support for the seal motion) is Defendants' reliance on a decision of the Court of Appeals of Maryland – *Montgomery Co., Maryland v. Shropshire*, 420 Md. 362, 383 (2011) – holding that "records of [an] internal investigation of [police misconduct] * * * are * * * mandatorily exempt from disclosure" pursuant to the Maryland Public Information Act., *MD CODE,* State Govt. § 10-616(I). Plaintiff submits that the adjudication of claims arising from allegations of serious misconduct by judicial officials is manifestly distinguishable from a request for *disclosure* pursuant to the MPIA. Moreover, Defendants would seal only certain of the records adduced in this case, but would leave other records – including Plaintiff's pleading in which the allegations of misconduct are set forth – available for public access. Plaintiff does not suggest that even *more* records should be sealed, but that the instant litigation presents matters of legitimate public concern. Circumscribing the opportunity of the public to monitor the entire adjudicative process is profoundly inconsistent with the values vindicated by the *Company Doe* court, and Defendants have not suggested that any benefit from limiting public access is on a par with those values.

Plaintiff notes further that the sealing of records of "'medical review proceedings'", as permitted by the Fourth Circuit in *Stone v. Univ. of Maryland Med. Sys.*, 855 F.2d 178, 181 (4th Cir. 1988), is a very different proposition than what is at stake here. The instant case is about official misconduct, and every citizen has an interest in monitoring the judicial resolution of Plaintiff's claims.

Strikingly missing from Defendants' argument is any attempt to reconcile the inconsistency that they now seek in the treatment of "personnel" and "confidential" records. In the initial motion to dismiss or for summary judgment, ECF 9, counsel for Defendant Maryland Judiciary / District Court of Maryland filed multiple exhibits without ever requesting that they be sealed, and many of these exhibits are similar to those that are the subjects of the present seal motion and are at least as sensitive as the latter records.

Finally, Plaintiff notes that Defendants' assertion that the investigative findings of the Maryland Commission of Civil Rights are "confidential" is specious. The obligation to maintain confidentiality concerning the Commission's investigation is imposed *only upon Commission personnel:*

> [*MD Code,* State Govt. Art.,]Sec. 20-1101. Confidentiality of investigation; disclosure of information prohibited; exceptions
> (a)(1) Except as provided in paragraph (2) of this subsection, during an investigation of a complaint alleging a discriminatory act, and until the matter reaches the stage of public hearings:
> **(I) the activities of all members and employees of the Commission in connection with the investigation shall be conducted in confidence and without publicity; and**
> **(ii) the members and employees of the Commission may not disclose any information relating to the investigation, including the identity of the complainant and the respondent.**
> **(2)(I) Information may be disclosed at any time if both the complainant and respondent agree to the disclosure in writing.**

**(ii) The identity of the complainant may be disclosed to the respondent at any time.**

[Emphasis supplied.]

In sum, in seeking to seal the records in question, Defendants have utterly failed to meet their burden as prescribed by Local Rule 105.11, which requires the proponent of seal order to provide "an explanation why alternatives to sealing would not provide sufficient protection."

In a similar vein, Plaintiff can discern nothing in the redacted material, which is relatively limited in scope, that would the public suspicion and skepticism that this measure will inevitably precipitate.

WHEREFORE, Plaintiff urges the record in this case remain fully available to the public (and the media).

Date:  July 22, 2014.

/s/ GERARDINE M.  DELAMBO,
   Attorney for Plaintiff
Bar No. 28175
705 Deepdene Road
Baltimore, MD 21210
410-433-1132; 443-617-0674 (fax)
sparky4242@comcast.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22d day of July, 2014, a copy of the foregoing Opposition to Defendants' motion to seal and redaction was served electronically, via the Court's electronic filing system, upon Defendant's counsel, Michele J. McDonald, Assistant Attorney General, at mmcdonald@oag.state.md.us.

/s/ GERARDINE M. DELAMBO