# GERARDINE M. DELAMBO

*Attorney at Law*

*705 Deepdene Road*

*Baltimore, MD 21210*

*410-433-1132; facsimile - 443-817-0674*

*sparky4242@comcast.net*

June 18, 2014

**VIA FACSIMILE: 410.333.1841**

Intake Unit

Maryland Commission on Civil Rights

6 Saint Paul Street, Suite 900
Baltimore, Maryland 21202-1631

(V - 410-767-8600)

**ATTN: Alesha Bell, Intake Supervisor**

RE: New Complaint: **Sumner v. State of Maryland,** *et al.*

Greetings:

Submitted herewith for filing with your office is the complaint of Kim K. Sumner, whom I will represent in this matter.

I will provide by separate mailing a copy of the amended complaint filed in *Sumner v. State of Maryland*, Civil Action No. 1:13-cv-00539 JRG in the U.S. District Court for the District of MD. This pleading consumes 92 pages and obviously is not suitable for electronic transmission. In my judgment, this pleading is not required for the filing of a viable complaint with your office, but it will be helpful is an investigation of the complaint filed herewith.

The claims stated in the complaint filed herewith have not been filed with any other administrative agency or previously with MCCR.

Thank you for your attention in this matter.

Very truly yours,

/s/

GERARDINE M. DELAMBO,

Attorney for Complainant

*[Exhibit 1 to Oppo. Memo*
*in response to MD-SJ,*
*1:13-cv-00539-JRG*

**VERIFIED COMPLAINT AGAINST THE STATE OF MARYLAND, *ET AL.*
FOR EMPLOYMENT DISCRIMINATION, ON THE BASIS OF
RACE (WHITE) AND PRIOR EEO ACTIVITY, IN VIOLATION
OF *MARYLAND CODE,* STATE GOVT. ART., TITLE 20.**

The following information[1] is provided pursuant to COMAR 14.03.01.03.D:

A. Complainant's information:

    KIM K. SUMNER[2]
    22 Carroll Street
    Westminster, MD 21157-4831

    c/o

    GERARDINE M. DELAMBO
    705 Deepdene Road
    Baltimore, MD 21210
    410-433-1132 (v); 443-817-0674 (fx)
    sparky4242@comcast.net

    Attorney for Complainant

B. Respondent's Information:

    State of Maryland d/b/a
    The District Court of Maryland
    580 Taylor Avenue
    Annapolis, MD 21401
    and

---

[1] The instant complaint was drafted by Complainant's counsel in conformance with COMAR 14.03.01.03.

[2] Complainant's Social Security number, if needed, can be found on the charge form filed with the MCCR in Case No. 1111-0465.

*[Exhibit 1 to Oppo. Memo
in response to MD-SJ,
1:13-cv-00539-JRG*

Complaint of **Kim K. Sumner** to MCCR
June 18, 2014
Page 2 of 8

    Hon. Ben C. Clyburn, Hon. John R. Hargrove, Jr., and Hon. Keith E. Mathews,[3] Mary Abrams, Lonnie Ferguson, Lavone Grant, and Angela Naylor – all in their individual capacities.[4]

    c/o

    MICHELE J. McDONALD, ESQ.,
      Assistant Attorney General and
      Chief Counsel
    Courts and Judicial Affairs Division
    200 St. Paul Pl, 20th floor
    Baltimore, MD 21202
    410.576.6576 (ph); 410.576.6393 (f)
    mmcdonald@oag.state.md.us

    Attorney for Respondent

C. Description of unlawfully discriminatory and retaliatory acts and practices alleged by Complainant:

    1. Complainant was employed by the State of Maryland from February 26, 2008, through on or about January 3, 2014, during which time Complainant worked in the District Court of Maryland in Baltimore City (District 1). Complainant worked initially as an Administrative Assistant II and on March 25, 2009, Complainant was promoted to the position of Human Resources Associate and worked in that capacity for the remainder of her subject employment. On December 21, 2013, Complainant directed an email to her supervisor, District 1 Administrative Clerk Mary Abrams, announcing her resignation. On information

---

[3] Hon. Ben C. Cliburn is the former Chief Judge of the District Court of Maryland, and Hon. John R. Hargrove, Jr. and Hon. Keith E. Mathews are former Administrative Judges of District 1 of the District Court of Maryland. Mr. Ferguson is a former Administrative Clerk in District 1. Ms. Grant is a former Deputy Administrative Clerk in District 1. Ms. Abrams is the current Administrative Clerk in District 1. Ms. Naylor is the Division Chief for the Borgerding District Court Building at 5800 Wabash Ave., Baltimore, MD 21215-3330.

[4] Although Title VII jurisprudence does not allow claims against individual officials and employees of a respondent employer, Respondent's counsel has found no determination by a Maryland appellate court as to whether individuals can be named as respondents in Title 20 proceedings. Accordingly, individuals are named as respondents herein.

*[Exhibit 1 to Oppo. Memo in response to MD-SJ, 1:13-cv-00539-JRG*

*Page 3 of 10*

Complaint of **Kim K. Sumner** to MCCR
June 18, 2014
Page 3 of 8

and belief, because the date of transmittal of the above email was a Saturday, Ms. Abrams did not received the email until the following Monday, December 23, 2013, and the effective date of Complainant's resignation was January 3, 2014. Complainant was compelled to resign because of intolerable terms and conditions of her subject employment, as described hereinafter.

2. On or about February 24, 2011, Complainant reported to the Office of Fair Practices ("OFP") of the Maryland Judiciary that she had been subjected to a course of behavior by Lonnie Ferguson, then the Administrative Clerk of District 1, that constituted sexual harassment and that, as a result of her having objected to Mr. Ferguson's conduct toward her, she had been subjected to retaliation. On August 2, 2011, the OFP issued a letter informing Plaintiff that it had found that Defendant Ferguson had engaged in sexual harassment of her, but Complainant's complaint of retaliation was not sustained. As a result of the OFP finding of sexual harassment, Mr. Ferguson was suspended without pay of 30 days, which concluded on or about September 26, 2011. Because his sexual harassment of Complainant was the third instance of serious misconduct involving female subordinates, Complainant complained, to no avail, that the above-described suspension was unduly lenient and not an effective deterrent against further and similar misconduct. Complainant also sought unsuccessfully a modification of her work location and/or conditions that would have provided adequate assurance against further harassment and/or retaliation.

3. Complainant filed an administrative complaint with MCCR (Charge No. 1111-0465; EEOC Charge No. 12F-2012-00014), received a Notice of Right to Sue from the EEOC on December 3, 2012, and on February 20, 2013, filed a *pro se* complaint in the U.S. District Court for the District of Maryland, which remains pending as of this writing. The above complaint alleged sexual harassment and retaliation. On April 21, 2014, the federal court granted a motion for leave to amend the above *pro se* complaint, thus accepting a proposed 92-page amended complaint filed by present counsel that substantially expanded the scope of the alleged violations of Complainant's rights, naming the State of Maryland, in addition to the "Maryland Judiciary / District Court of Maryland", and seven individual officials or former officials of the District Court of Maryland as Defendants and adding claims brought pursuant to 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986. (A copy of the foregoing amended complaint will be provided separately by mail, as an exhibit hereto.) In sum, Complainant clearly has engaged in and continues to engage in protected EEO activity.

4. Complainant's resignation, communicated as aforesaid by an email transmitted on December 21, 2013, and probably received on December 23, 2013, by

*[Exhibit 1 to Oppo. Memo in response to MD-SJ, 1:13-cv-00539-JRG*

Complaint of **Kim K. Sumner** to MCCR
June 18, 2014
Page 4 of 8

Complainant's supervisor, Respondent Abrams, was compelled by at least the following factors:

    i. A history of systemic discrimination in District 1 personnel matters that "so heavily polluted" the working environment of Complainant that her "emotional and psychological stability" was seriously compromised. The aforesaid history left a continuing legacy of dysfunction and corruption of merit principles, so that only the beneficiaries of that history enjoy security in their employment.[5]

    ii. The discriminatorily and corruptly lenient disciplining of Respondent Ferguson.

    iii. The discriminatory denial of an opportunity for Complainant to seek promotion to a supervisor 1 position.

---

[5] For legal authority for the proposition that a workplace environment "polluted" with discriminatory treatment of minority employees can support a claim of discrimination by such a minority employee, regardless of whether each allegedly discriminatory act was perpetrated against the minority claimant, see :

The prohibition [against invidious discrimination in the work place] "not only covers 'terms' and 'conditions' in the narrow contractual sense, but *'evinces a congressional intent to strike at the entire spectrum of disparate treatment of [protected employees] in employment."* Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78 (1998) (quoting Meritor Savs. Bank, FSB v. Vinson, 477 U.S. 57, 64 (1986)). *A work environment becomes a violation 'when the workplace is permeated with discriminatory [age-based] intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"* Ocheltree v. Scollon Productions, Inc., 335 F.3d 325, 331 (4th Cir. 2003) (quoting Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). See also Meritor, 477 U.S. at 66 (*employees are entitled to protection from "working environments [that are] so heavily polluted with discrimination as to destroy completely the emotional and psychological stability of minority group workers"*) (quoting Rodgers v. EEOC, 454 F.2d 234, 238 (5th Cir. 1971)).

[Emphasis supplied.]

*[Exhibit 1 to Oppo. Memo*
*in response to MD-SJ,*
*1:13-cv-00539-JRG*

*Page 5 of 10*

Complaint of **Kim K. Sumner** to MCCR
June 18, 2014
Page 5 of 8

    iv. The racially discriminatory interference – by the Deputy Administrative Clerk, Respondent Lavone Grant, of District 1 – with a white accounting supervisor's management of his unit.

    v. Respondent Grant's severe chastising of white supervisor for hiring three qualified white applicants on the sale basis of their qualifications and merit.

    vi. Rejection, or disregard, by the OFP of Complainant's complaint of lack of diversity in District 1 of the District Court of Maryland, which maintained a work force in which more than 90 of the employees are black.

    vii. An unsanctioned comment by Hon. Keith Mathews, in response to an expression of concern by a subordinate supervisor during Judge Mathews' tenure as District 1 Administrative Judge, that he didn't "give a fuck" about the impact of his fraternizing sexually with female subordinates and then procuring their promotion, in violation of legal and ethical standards.

    viii. District 1 Administrative Judge Rinehardt's inability to oust Respondent Ferguson from his position after he had committed serious misconduct.

    ix. Respondent Ferguson's acquiescence to his administrative assistant's operation of a private business out of her (and Respondent Ferguson's) office and the failure of the Administrative Office of the Maryland Courts to respond to Complainant's complaint about this misconduct.

    x. A failure by District 1 judges to discharge their ethical duty to report Respondent Mathews' misconduct and the continuing effect of this profound failure of ethics, in an institution charged with the administration of public justice.

    xi. A demonstrated lack of effective protections against unlawful retaliation for protected activities, as a result of an extensive history of disqualifying misconduct by those charged with implementation and enforcement of the protections that the Respondent Maryland Judiciary has purported to put in place, and the willingness of the leadership of the Respondent Maryland

*[Exhibit 1 to Oppo. Memo in response to MD-SJ, 1:13-cv-00539-JRG*

Complaint of **Kim K. Sumner** to MCCR
June 18, 2014
Page 6 of 8

> Judiciary to compromise the opportunity of those complaining of violations of their legal rights to seek effective redress outside of the Maryland Judiciary.
>
> xii. Toleration by the leadership of the Respondent Maryland Judiciary of many years of misconduct by Respondent Ferguson, by allowing him to continue to be employed as Administrative Clerk after three incidents of serious misconduct, and the decision by the leadership of the Respondent Maryland Judiciary to "hide" Respondent Ferguson at a secret worksite to shelter him from the public and the media while maintaining his salary of $115,000 per year.
>
> xiii. Continued demonstrations of unrelenting hostility toward Complainant by Respondent Naylor, including but not limited to Respondent Naylor's continued interference with Complainant's performance of her job, usurpation of job functions that were listed in Complainant's position description and which had previously been performed by Complainant, and excessive scrutiny of Complainant's activities, as aforesaid, with no reasonable expectation that such adverse treatment would ever cease, even after Complainant reported this treatment to Respondent Abrams. Complainant's dismay and despair over her treatment by Respondent Naylor was exacerbated by Complainant's knowledge that Respondent Naylor had continued her abusive behavior toward Complainant with the knowledge of several managerial employees, and that the abusive behavior had not diminished during a three-year period. Continuing through December 21, 2013, Complainant was aware also that Respondent Naylor had never hired a white person and had blatantly discriminated against whites in selecting demonstrably less qualified blacks. Complainant was aware further that no one in a leadership position with the Respondent District Court of Maryland had made any attempt to curb the pattern of racially discriminatory selections made by Respondent Naylor or Respondent Naylor's unlawfully retaliatory and abusive treatment of Complainant.
>
> xiv. The impact upon Complainant's personal health and well being of continued stress, anxiety, and outrage. Complainant's perception of unredressed and unredressable injustice; and Complainant's reasonable and rational apprehension that her

*[Exhibit 1 to Oppo. Memo in response to MD-SJ, 1:13-cv-00539-JRG*

*Page 7 of 10]*

Complaint of **Kim K. Sumner** to MCCR
June 18, 2014
Page 7 of 8

    employment was continually at risk of being terminated without cause.

    xv. Complainant's perception and belief that meaningful change was unlikely to occur in District 1 in view of the apparent choice of the leadership of the Respondent Maryland Judiciary to maintain the *status quo*.

    xvi. Complainant's reasonable belief that she could not secure meaningful review and redress of judicial misconduct.

5. As a direct and proximate result of the acts and omissions decried herein, Complainant suffered, and was caused by the Respondents herein to suffer, extreme emotional, psychological, and physiological pain and distress and substantial economic injury, including but not limited to the loss of employment paying approximately $42,000 *per annum*.

6. **REQUESTED REMEDIES:**

    i. Nonpecuniary damages of TWO-HUNDRED-THOUSAND DOLLARS ($200,000) for Respondent's personal injuries;

    ii. Back pay measured from January 3, 2014, less any interim earnings, through the date of a determination herein that sustains Complainant's claims;

    iii. Front pay measured from the date of the date of a determination herein that sustains Complainant's claims;

    iv. An award of attorney fees and costs;

    v. Such other and further relief as may be appropriate and just.

**VERIFICATION**[6]

I HEREBY AFFIRM under penalties of perjury and on personal knowledge, except where otherwise indicated, that the foregoing averments of fact are true. I FURTHER AFFIRM under penalties of perjury that any of the foregoing averments of fact that are beyond my personal

---

[6] Verification of the averments of fact in the instant complaint is provided substantially in compliance with MD Rule 1-304.

*[Exhibit 1 to Oppo. Memo in response to MD-SJ, 1:13-cv-00539-JRG*

*Page 8 of 10*

Complaint of **Kim K. Sumner** to MCCR
June 18, 2014
Page 8 of 8

knowledge are true to the best of my knowledge, information, and belief.

DATE: June 18, 2014.

*[signature]*

KIM K. SUMNER,
  Complainant

*[signature]*

GERARDINE M. DELAMBO
705 Deepdene Road
Baltimore, MD 21210
410-433-1132 (v); 443-817-0674 (fx)
sparky4242@comcast.net

Attorney for Complainant

*[Exhibit 1 to Oppo. Memo*
*in response to MD-SJ,*
*1:13-cv-00539-JRG*

*Page 9 of 10*

Attach. (Complaint of discrimination and retaliation)

CC: Michele J. McDonald, Esq., AAG

*[Exhibit 1 to Oppo. Memo in response to MD-SJ, 1:13-cv-00539-JRG*

*Page 10 of 10]*