IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

KIM K. SUMNER,

      **Plaintiff,**

      **v.**                            **CIVIL ACTION NO. 1:13-cv-00539-JRG**

MARYLAND JUDICIARY /
DISTRICT COURT OF MARYLAND,
*et al.,*

      **Defendants.**

o0o

**OPPOSITION TO DISMISSAL OF SECOND AMENDED COMPLAINT**

Plaintiff, Kim K.  Sumner, by undersigned counsel, submits the following points and

authorities to oppose dismissal of the Second Amended Complaint ("SAC", or ECF 77,

hereinafter).

**A.  Introduction.**

Plaintiff filed the SAC on July 29 (2014), the 21st day following the filing on July 8 of

Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment in response to

Plaintiff's Amended Complaint.  By application of F.R.Civ.P. 15(a)(1)(B),[1] leave of court for the

filing of the SAC was  unnecessary.

    Given that the Amended Complaint (ECF 40-1) was superseded by the SAC, then

Defendants' only response to Plaintiff's current pleading is the State Defendants'[2] "Reply to

---

[1]  F.R.Civ.P. 15(a)(1)(B) provides as follows:

Rule 15. Amended and Supplemental Pleadings
(a) Amendments Before Trial.
    (1) **Amending as a Matter of Course.** A party may amend its pleading
once as a matter of course within:
* * *
    (B) **if the pleading is one to which a responsive pleading is
required**, 21 days after service of a responsive pleading or **21 days after service
of a motion under Rule 12(b)**, (e), or (f), whichever is earlier.

[Emphasis supplied.]   The Amended Complaint, now superseded, unquestionably required a
"responsive pleading", and Defendants filed on July 8 a motion seeking relief pursuant to
F.R.Civ.P. 12(b)(6).  Therefore Plaintiff was entitled to amend pursuant to the above-quoted
proviso.


[2]  By "State Defendants", Plaintiff refers to the State of Maryland and its agencies or
instrumentalities originally named as Defendants in the *pro se* initial Complaint, *i.e.*, the
"Maryland Judiciary / District Court of Maryland".  Although these originally named entities
appear to lack the capacity to sue or be sued, such a defect in the original pleading would not
have been fatal.  This court, in *Fontell v. MCGEO UFCW Local 1994*, 2010 U.S. Dist. LEXIS
79826, 2010 WL 3086498 (D. Md. Aug. 5, 2010), noted as follows:

"Title VII does not require procedural exactness from lay complainants: 'EEOC
charges must be construed with utmost liberality since they are made by those
unschooled in the technicalities of formal pleading.'" Alvarado, 848 F.2d at 460
(citation omitted).  [14] **Accordingly, an exception to the Title VII naming
requirement has developed, namely the "substantial identity exception."**
**Alvarado** [*v. Bd. of Trs. of Montgomery Cmty. Coll.*, 848 F.2d 457 (4th Cir.
1988)], 848 F.2d at 461 (neither explicitly adopting nor rejecting the substantial
identity exception, but acknowledging that it has been cited with approval by the
Fourth Circuit in dictum, as well as being adopted by other circuits, and used by
several district courts within the Fourth Circuit); see also *Crosten* [*v. Kamauf*, 932
F. Supp. 676 (D. Md. 1996) (quoting 42 U.S.C. § 2000e-5(f)(1))], 932 F. Supp. at

Response to Motion re 63 Corrected MOTION to Dismiss for Failure to State a Claim", ECF 78,

filed August 11 ("Defendants' Reply Memorandum", hereinafter).[3]  But much of the Defendants'

Reply Memorandum addresses asserted flaws in the superseded Amended Complaint.  Therefore

Plaintiff will address herein only those portions of the Defendants' Reply Memorandum that

---

682. **Under this exception, courts consider four factors as to whether or not a Title VII action can be brought against a party not named in the EEOC complaint:**

**1) Whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint;**

**2) Whether, under the circumstances, the interest of the named party are so similar to the unnamed party's that for the purposes of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings;**

**3) Whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party;**

**4) Whether the unnamed party had in some way represented  [15] to the complainant that its relationship with the complainant is to be through the named party.**

*McAdoo v. Toll*, 591 F. Supp. 1399, 1403 (D. Md. 1984); see also *EEOC v. Bouzianis, Inc.*, No. 06-2520, 2007 U.S. Dist. LEXIS 56795, at *21 (D. Md. Aug. 2, 2007) (applying the substantial identity exception test). The second and third factors "are the most important as they are most reflective of the two-fold purpose of the naming requirement." *Crosten*, 932 F. Supp. at 682 (citation omitted).

[Emphasis supplied.]

[3]  Plaintiff assumes that the court will deem the Defendants' Reply Memorandum as having averted a default.

appear to be applicable to the SAC, since the SAC does in fact include language that is restated

*verbatim* from the Amended Complaint.[4]

Despite the language of the SAC that repeats *verbatim* portions of the Amended

Complaint, the SAC eliminates all claims against individual Defendants and limits the temporal

scope of Plaintiff's claims – *i.e.,* the period during which Plaintiff was subjected to assertedly

actionable injuries chargeable to the present Defendants – to the period from "late February,

2010", when the Administrative Clerk of District 1 of the District Court of Maryland, Lonnie

Ferguson ("Mr. Ferguson", hereinafter), began loitering in Plaintiff's office with no apparent or

legitimate purpose, *see* SAC at ¶¶ 73-86, to the date of Plaintiff's filing of an administrative

complaint with the Maryland Commission on Civil Rights ("MCCR"), October 28, 2012.[5]  SAC

¶ 128.

Thus the claims now before the court are the following, all of which arise under Title VII:

A claim of sexual harassment and gender discrimination; a claim of retaliation against Plaintiff

for her opposition to sexual harassment and gender discrimination; and a claim of racial

discrimination based on the asserted racially discriminatory leniency in the disciplining of Mr.

---

[4]  Undersigned counsel assumes that the current Defendants will seek leave – or assert the right – to respond more fully to the SAC.  Therefore Plaintiff will likely seek leave to file a surreply memorandum.

[5]  Plaintiff in no way concedes that the "history of misconduct" and the nefariously conspiratorial agreement ascribed to District 1 Administrative Clerk Lonnie Ferguson and former Administrative Judge Keith Mathews, SAC ¶ 17, *et seq*, is other than highly probative of the asserted inadequacy of the present Defendants' response to Plaintiff's complaint of sexual harassment that was confirmed by the Maryland Judiciary's Office of Fair Practices.

Ferguson after he was found, in an internal investigation by the Office of Fair Practices, to have

sexually harassed Plaintiff.[6]

## B.  ARGUMENT.

**1.  Having filed an answer to the initial complaint, the present Defendants cannot properly challenge the sufficiency of the Second Amended Complaint's pleading of the same claims that were raised in the initial complaint.**

      The opportunity to challenge a complaint via F.R.Civ.P. 12(b)(6) as assertedly failing to

plead a viable claim for relief is foreclosed by the filing of an answer to the complaint that was

unsuccessfully challenged.  *See* the concluding paragraph of F.R.Civ.P. 12(b): "A motion

asserting any of these defenses must be made before pleading if a responsive pleading is

allowed."  Therefore, the filing of a "pleading" – *i.e.*, an answer – in response to specific claims

extinguishes that particularly avenue of defense.

      Plaintiff submits that it is pellucid that her claim of sexual harassment and gender

discrimination as presented in the SAC is the same claim as was presented in the initial

complaint.  Surely a decision *granting* Defendants' motion to dismiss the initial complaint would

have precluded any further attempt to plead the claims raised in the latter pleading.  Therefore

that same standard should apply here to prohibit Defendants from challenging the SAC by means

of a further Rule 12(b)(6) motion.

---

    [6] Even if the claim of racially discriminatory leniency is deemed as not within the scope of the actual language of Plaintiff's above-referenced administrative complaint to the Maryland Commission on Civil Rights, it is clearly "like or related to" the charges of sexual harassment, gender discrimination, and retaliation.

Consistent with the foregoing point, the State Defendants are barred from challenging via F.R.Civ.P. 12(b) the prerequisite administrative filing as untimely.

**2.  The State Defendants' current motion (i.e., the "Reply" memorandum) must be denied because of their failure to address – and inability to meet – the "law of the case" doctrine.**

As noted *supra*, with the exception of the claim of race discrimination, the SAC is principally an elaboration upon the initial, *pro se* complaint, which was challenged by the original Defendants' motion to dismiss, which was denied by the court.  Therefore, if the two-page *pro se* complaint[7] was deemed to satisfy the *Twombly-Iqbal* pleading standard, then the SAC – 59 pages of intensive averments of fact – must surely be deemed as satisfying that same standard.  To persuade this court otherwise, the State Defendants would have to demonstrate that somehow the "law of the case" is inapposite, but they have not even attempted to do so.

The "law of the case" doctrine militates against – but does not preclude – inconsistent decisions by the trial court in the same case unless the following criteria are met:

> The law of the case doctrine dictates that courts must follow the law that a prior decision establishes unless "'(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.'" [Citations omitted.] Albeit omnipresent, the law of the case doctrine cannot positively prohibit a district court from reconsidering an interlocutory order in light of federal courts' "ultimate responsibility . . . to reach the correct judgment under law." Murphy Farms, 326 F.3d at 515. Yet "concerns of finality and judicial economy" may temper this responsibility.  [8] Id. Therefore, relief is rarely ever appropriate "[w]hen the motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to

---

[7]  The "facts of the case" portion of the initial complaint consist of five typewritten paragraphs, of which two decry Plaintiff's inability, as of the time of filing of that pleading, to employ counsel.

change its mind." Pritchard v. Wal Mart Stores, Inc., 3 Fed. App'x 52, 53 (4th Cir. 2001) (citation and internal quotation marks omitted).

*Tasciyan v. Med. Numerics*, 2011 U.S. Dist. LEXIS 141360, 7-8 (D.Md.  2011).


**3.  For preservation purposes, Plaintiff challenges the *Twombly-Iqbal* pleading standard as violative of the Seventh Amendment.**

      In keeping with a significant number of scholarly commentaries, Plaintiff submits that existing decisional law concerning the pleading of civil claims in the federal courts should be modified to recognize that the *Twombly-Iqbal* pleading standard cannot be reconciled with the Seventh Amendment.  *See*, *e.g.,* Suja A. Thomas, *Keynote:  Before and after the Summary Judgment Trilogy*,[8] 43 Loy.U.Chi.L.J. 499 (2012):

> * * * [T]he [Supreme] Court has said that the right to a jury trial should be governed by the substance of the English common law in 1791. [FN 73]  * * *  [U]nder the English common law in 1791, a court could determine that the evidence was insufficient only after a jury trial, and then, the court could send the case to a new trial.  [FN 75]  The court could not decide to dismiss a case.  * * *  So I have stated in the past that these procedures of summary judgment, judgment [footnote omitted], the motion to dismiss [footnote omitted], and remittitur [footnote omitted], are unconstitutional * * *.
>
> _____
> [FN 73]  73. [*U.S. v. Wonson*, 28 F.Cas. 745 (C.C.D. Mass. 1812)] at 750.  * * *
> [FN 75.]  Suja A. Thomas, *Why Summary Judgment is Unconstitutional,* 93 Va. L.Rev. 139, 157-58 (2007) * * *; *The Seventh Amendment, Modern Procedure, and the English Common Law*, 82 Wash. U. L.Q. 687, 742-48 (2004).
> __

43 Loy.U.Chi. L.J. at 509-510.

_____

     [8]  Professor Thomas gave the cited speech at the Seattle University School of Law on the 25th anniversary of the "summary judgment trilogy".  The text of the speech may be accessed at http://lawecommons.luc.edu/luclj/vol43/iss3/3.  The "summary judgment trilogy" refers, of course, to *Matsushita v. Zenith*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986); and *Celotex v. Catrett,* 477 U.S. 317 (1986).

**4.  The State Defendants have failed to respond to the race-discrimination claim based upon the leniency of the discipline imposed upon Mr.  Ferguson.**

As undersigned counsel reads the State Defendants' argument, there is no opposition or

other response to Plaintiff's claim that she suffered actionable harm from the racially

discriminatorily lenient disciplining of Mr.  Ferguson, as asserted in the SAC at ¶¶ 116, 117.

As noted *supra*, this claim is obviously either within the scope of the administrative

complaint or "like or related to" the claims asserted in that complaint.  In either event, this claim

may not be dismissed on the present record.

WHEREFORE, Plaintiff prays that the court enter an order denying dismissal of the Second

Amended Complaint.

DATE:  August 25, 2014.

/s/ GERARDINE M.  DELAMBO
  Attorney for Plaintiff
Bar No. 28175
705 Deepdene Road
Baltimore, MD 21210
410-433-1132; 443-617-0674 (fax)
sparky4242@comcast.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of August, 2014, the foregoing Opposition was served electronically upon Defendant's counsel, Michele J. McDonald, Assistant Attorney General, at mmcdonald@oag.state.md.us.

/s/ GERARDINE M. DELAMBO