IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIM K. SUMNER, | * | |
| *Plaintiff* | * | Civil Case No. 1:13-cv-00539-JRG |
| v. | * | |
| MARYLAND JUDICIARY / DISTRICT COURT OF MARYLAND, et al., | * * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF 76) AND PLAINTIFF'S OPPOSITION TO DISMISSAL OF SECOND AMENDED COMPLAINT (ECF 80) OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

In her 92-page Amended Complaint, Kim Sumner, Plaintiff, sued the District Court/Maryland Judiciary, and seven individual defendants, alleging that she was subject to a hostile work environment, race discrimination, and retaliation. She alleged that the seven individual defendants, including three district court judges, the former administrative clerk, the former deputy administrative clerk, the current administrative clerk, and a supervisor, conspired to deprive her of her first amendment rights and equal protection of the law. The Amended Complaint added seven individual defendants, race discrimination and retaliation claims, and additional counts brought under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986.

Pursuant to this Court's order of May 6, 2014 (ECF 53), Defendants filed a 55-page motion to dismiss, or in the alternative, motion for summary judgment, and addendum seeking the dismissal of Plaintiff's Amended Complaint. *See* ECF No. 58 (original motion under seal), 63 (redacted motion, only exhibits under seal). Shortly thereafter Defendants filed a corrected (redacted) motion to dismiss which meant that only the exhibits were filed under seal. *See* ECF No. 63. On July 24, 2014, Plaintiff filed an opposition to Defendants' motion (ECF 63). *See* ECF No. 74.

On July 29, 2014, Plaintiff filed a Second Amended Complaint. *See* ECF No. 76. The Second Amended Complaint drops the five additional counts added by the Amended Complaint including claims brought under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986 as well as drops the seven individual defendants added by the Amended Complaint and the claim of constructive discharge. The Second Amended Complaint does, however, seek to add claims of race discrimination and retaliation and contains factual allegations outside the scope of the MCCR charge.

By ECF No. 77, the clerk's office issued a QC notice advising the parties that:

(FILED IN ERROR) QC NOTICE: 76 Amended Complaint filed by Kim K. Sumner needs to be corrected. It has been noted as FILED IN ERROR, and the document link has been disabled. The following correcting actions are needed regarding missing or incomplete information:
****Motion for leave to file amended complaint is required. Please file the motion for leave to file as the main document, and the clean version of the amended complaint and redline version as two separate attachments to the motion.* (apls, Deputy Clerk). Modified on 7/30/2014. (apls, Deputy Clerk). (Entered: 07/30/2014).

*See* Exhibit 2 (printout of docket report dated 8/1/2014; Exhibit 3 (email ECF notice to

Defendants' counsel).[1]

On August 11, 2014, Defendants filed a reply to Plaintiff's opposition to the motion to dismiss. *See* ECF No. 78. In the reply, Defendants noted that Plaintiff had filed a second amended complaint but that it had been filed incorrectly. *See* ECF No. 78, at 6.[2] On August 26, 2014, Plaintiff filed a "Response in Opposition" to Defendants' Corrected (Redacted) Motion to Dismiss (ECF 63), which had been filed July 10, 2014. *See* ECF No. 80.

In this "opposition" to the corrected (redacted) motion to dismiss Plaintiff argues, in essence, that Defendants' reply to Plaintiff's Opposition to Defendants' Motion to Dismiss should be treated as a motion to dismiss Plaintiff's Second Amended Complaint. *See* ECF No. 80 at 2-3. However, prior to receiving this filing electronically, undersigned counsel was unaware that there had been any correction made to the defective filing (ECF 76 and 77). Indeed, On August 15, 2014, in correspondence with Plaintiff's counsel concerning the scheduling of depositions, undersigned counsel

---

[1] Exhibit 1 has been omitted to conform to ECF numbering.

[2]   The Reply stated:
  Plaintiff's subsequent attempt to file a Second Amended Complaint likewise appears to reflect an intention to abandon her claims. ECF 76 and 77. Although Plaintiff failed to seek leave to amend, as required by the rules, *see* ECF 77, and likewise failed to provide a red-lined copy of the Second Amended Complaint, the Second Amended Complaint demonstrates that Plaintiff appears to have abandoned her claims against the seven individual defendants and likewise abandoned the claims set forth in Counts II through VI of the [First] Amended Complaint. *Compare* ECF 76 at 1-3, 50-55 and ECF 51 at 1-3, 6-8, 69-90.
ECF no. 78 at 6.

inquired whether Plaintiff was going to file for leave to amend and refile the second amended complaint, to which Plaintiff's counsel did not respond.  Ex. 4 (correspondence between counsel).

No corrective notice was ever issued by the clerk's office indicating that the Second Amended Complaint had been accepted for filing or that the disabled link had been restored.  *See* Current ECF Docket Entries; *see also* Exhibit 3.  A review of the current docket entries reflects that ECF 77 – the QC notice issued by the Clerk's office concerning the lack of a motion to amend – has simply disappeared.  *Id*.

Upon consultation with the Clerk's Office, Claudia Gibson, supervisor, undersigned counsel was advised that the clerk who had made the changes no longer works at the clerk's office and there was no notation (i.e., "staff note") indicating why the QC notice had been removed or why the Second Amended Complaint was now treated as being filed.  Nor did the file reflect that any notice of the change had gone out to the parties as required.  The supervisor suggested that undersigned counsel contact chambers to ascertain whether the Court had instructed the clerk to make the changes.  Undersigned counsel was advised by chambers that the Court had not ruled on any of the motions or given any instruction to the clerk regarding the Second Amended Complaint.

Because Plaintiff was required to obtain leave of Court to file a Second Amended Complaint, or consent of counsel, pursuant to Federal Rule 15(a), and further because

Plaintiff likewise failed to seek and obtain modification to the court's scheduling order directing that any amendment be filed by March 3, 2014, the Second Amended Complaint was improperly filed.  Moreover, undersigned counsel received no notice that the Second Amended Complaint had been accepted for filing by the clerk's office.

## II.     ARGUMENT

### A.     PLAINTIFF FAILED TO COMPLY WITH RULE 15(a)(2) IN FILING THE SECOND AMENDED COMPLAINT.

Plaintiff apparently misinterprets Federal Rule 15(a) to authorize an unending succession of amendments – that each amended complaint creates another opportunity for a plaintiff to amend the prior complaint.  On the contrary, Rule 15(a) clearly directs that a plaintiff may amend his or her complaint "once as a matter of course within…21 days after the service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier."  After such time has passed or if subsequent amendments are made, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a) requires that leave "shall be freely given when justice so requires."  *Id.*

Indeed, it is well settled that "[i]n general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect." 6 Charles Alan Wright *et al.*, Federal Practice and Procedure § 1484, at 685 n.17 (3d ed. 2010) (citing *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293 (5th Cir. 2003) for the proposition that "a second amended complaint

. . ., initially delivered without first requesting leave of the district court and resubmitted along with a request for leave, had no legal effect until the district court granted leave to file it.").

Here, Plaintiff asked neither for Defendants' consent nor for the Court's leave to file a Second Amended Complaint. Thus, contrary to the plain language of the rule allowing a party to amend its "pleading once as a matter of course…" and the case law interpreting the rule, Plaintiff simply misinterpreted the rule to allow the amendment of each amended pleading once as a matter of course.  After the initial pleading and response period, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  *See also Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). Although the right to amend once is absolute, *see Scinto v. Stansberry, et al.*, 507 Fed. Appx. 311 (4th Cir. 2013), that right has not been read to mean that a plaintiff may successively amend any amended pleading once as of right.

Plaintiff is well aware of the requirement that leave of court must be sought before filing an amended complaint as Plaintiff sought and obtained the court's permission to file the Amended Complaint that is the subject of the Defendants' motion to dismiss. *See* ECF No. 40 and No. 50.  Plaintiff has simply misinterpreted the Rule and should be required to obtain Defendants' consent or the Court's leave to file the Second Amended Complaint.  Where she has failed to do either, her filing is without legal effect.

**B.     THE SECOND AMENDED COMPLAINT WAS FILED AFTER THE DEADLINE FOR AMENDING PLEADINGS SET FORTH IN THE SCHEDULING ORDER AND PLAINTIFF NEVER SOUGHT MODIFICATION OF THE SCHEDULING ORDER AS REQUIRED BY LOCAL RULE 103.9.**

The Second Amended Complaint should be stricken not only for failing to comply with Federal Rule 15(a) by seeking leave of court or the consent of the parties, but also because the Second Amended Complaint was filed in violation of the Court's scheduling order.  *See* ECF No 35, and 57.  The scheduling order established a deadline of March 3, 2014 for "Amendment of pleadings and joinder of parties."  *See* ECF No. 35.  Plaintiff filed the Second Amended Complaint on July 29, 2014 without seeking leave to amend or modification of the scheduling order.  *See* ECF No. 76.  Local Rule 103.9(b) provides that:  "All scheduling orders…shall provide that any party who believes that any deadline set in the scheduling order is unreasonable may request in writing a modification of the order or that a conference be held for the purpose of seeking a modification of the order."

Absent a modification of the scheduling order and the court's leave to file an amended complaint, any attempt to file such a pleading is without authority and should be stricken.

**C.     PLAINTIFF'S OPPOSITION (ECF 80) SHOULD BE STRICKEN.**

Absent any paper filed by Defendants in response to the Second Amended Complaint, Plaintiff asks this court to interpret Defendants' Reply to Plaintiff's Opposition to the motion to dismiss as itself a motion to dismiss the Second Amended Complaint.  *See* ECF 80 at 2-3.  The Court must decline to engage in such procedural

gymnastics for three reasons.

First, because Plaintiff neither sought Defendants' consent nor the Court's leave to file an amended complaint, the filing of the Second Amended Complaint was not authorized and thus, ineffective. Defendants are not required to respond to an unauthorized pleading or paper. Accordingly, Plaintiff's Opposition to a motion that was not filed is both moot and unnecessary and should be stricken.

Second, Plaintiff already filed an opposition to Defendant's motion to dismiss (the Amended Complaint). *See* ECF 74 (Response in Opposition re: 63 Corrected Motion to Dismiss). The corrected (redacted) motion was simply that – a redacted version of the motion filed so that only the exhibits were filed under seal. Plaintiff is effectively filing a second opposition to (ECF 63) but directing it to a motion that was not filed. Moreover, any opposition to Defendant's Motion to Dismiss (Corrected) was due July 28, 2014.

Third, there is simply no connection between Defendants' corrected (redacted) motion to dismiss and Plaintiff's Opposition which instead is really an opposition to Defendants' reply couched as a motion that Defendants have not filed. Plaintiff's failure to file a motion seeking leave to amend as required by the rules has led to an incredibly convoluted procedural history and unnecessarily complicated this matter. Indeed, had Plaintiff properly filed a motion for leave to amend, and assuming *arguendo* that such leave was granted, then undersigned counsel could have avoided expending the time and expense of filing a unnecessary reply to Plaintiff's opposition to the initial motion to

dismiss as well as avoided having to file this motion to strike.  Had Plaintiff not filed a 92-page Amended Complaint, adding seven individual additional defendants and five counts, and then abandoning those amendments in her Second Amended Complaint, none of these motions would have been necessary in the first instance. These errors are avoidable, time consuming and wasteful and fail to advance the litigation.

> **D.    IN THE EVENT THE COURT PERMITS PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT, DEFENDANTS REQUEST AN EXTENSION OF TIME TO RESPOND TO THE SECOND AMENDED COMPLAINT.**

Defendants do not dispute the right of Plaintiff to seek leave to file an amended complaint and indeed, a reduction in the counts and the defendants would simplify and advance the litigation. However, because of the irregularities in the way Plaintiff went about filing the Second Amended Complaint, Defendants were deprived of an opportunity to respond to the Second Amended Complaint in a timely manner. The only notice issued by the clerk's office advised that the Second Amended Complaint had been filed in error and that the link was disabled.  At no time did the clerk's office issue another notice advising of any correction; nor did Plaintiff file a motion for leave to amend as directed by ECF no. 77, nor otherwise communicate with undersigned counsel regarding the filing of the Second Amended Complaint.  Indeed, in an email dated August 15, 2014, undersigned counsel expressly asked whether Plaintiff would be seeking leave to amend and refiling the Second Amended Complaint. Ex. 4.   Plaintiff's counsel did not respond to that query in her email response.  Ex. 4.  Instead, she filed the Opposition to

Dismissal the Second Amended Complaint.  *See* ECF No. 80.

Should the court entertain a motion for leave to amend, and permit Plaintiff to file the Second Amended Complaint, Defendants request that they be granted 20 days from the date of the court's order to file a response to the Second Amended Complaint by motion or answer.

## IV.   CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants respectfully request that Plaintiff's Second Amended Complaint (ECF 76) and Opposition to Dismissal of Second Amended Complaint (ECF 80) be stricken or, in the alternative, that Defendant be given 20 days from the date of the Court's order deciding this motion to file a response to the Second Amended Complaint.

                Respectfully submitted,

                DOUGLAS F. GANSLER
                Attorney General of Maryland

                /s/
                MICHELE J. McDONALD
                Assistant Attorney General
                Federal Bar No. 23603
                200 St. Paul Place, 20th Floor
                Baltimore, Maryland 21202
                (410) 576–6576   (telephone)
                (410) 576–6393   (facsimile)
                mmcdonald@oag.state.md.us

                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 12, 2014, a copy of the foregoing Defendants' Motion To Strike Plaintiff's Second Amended Complaint (ECF 76) (ECF 76) and Plaintiff's Opposition To Dismissal Of Second Amended Complaint (ECF 80) Or, In The Alternative, Motion For Extension Of Time To Respond To Plaintiff's Second Amended Complaint And Memorandum In Support Were Served By Electronic Means Via The Court's Case Management / Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice.

Gerardine M. Delambo
705 Deepdene Road
Baltimore, MD 21210
*Attorney for Plaintiff*

/s/
Michele J. McDonald
Assistant Attorney General