IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

**KIM K. SUMNER,**

    **Plaintiff,**

    v.                          CIVIL ACTION NO. 1:13-cv-00539-JRG

**MARYLAND JUDICIARY /
DISTRICT COURT OF MARYLAND,**
*et al.,*

    **Defendants.**

o0o

**PLAINTIFF'S MOTION TO MODIFY PROVISION OF ORDER
OF SEPTEMBER 16, 2014 (ECF 86), OR, IN THE ALTERNATIVE,
GRANT DISMISSAL WITHOUT PREJUDICE OF
ALL CLAIMS THE INDIVIDUAL DEFENDANTS**

Plaintiff, Kim K. Sumner, by undersigned counsel, requests that the court modify the portion of its order (ECF 86) entered on September 16, 2014, providing that "]a]ll defendants not named in the second amended complaint are hereby **ORDERED** dismissed * * *" [emphasis in original] to ensure that the above-quoted proviso does not bar Plaintiff's prosecution in state court of state-law claims not otherwise barred.[1]

As an alternative to modifying the subject order as requested herein, Plaintiff requests that the court grant dismissal pursuant to F.R.Civ.P. 41(a)(2) of all claims against the individual defendants named in the amended complaint – without prejudice to prosecution of Plaintiff's claims against those individuals in state court. Such an outcome would be consistent with the

---

[1] There is no bar at present to Plaintiff's prosecution in state court of claims arising from her employment by the Defendant State of Maryland and the termination of that employment.

allowance of a Rule 41(a)(1)(A)(I) notice of voluntary dismissal in *Melvin v. SSA,* 2010 U.S. Dist. LEXIS 107961*, *7-8* (W.D.N.C. 2010), despite the fact that the dismissal did not terminate the entire case and pendency of a motion to dismiss or, in the alternative, for summary judgment – as was filed herein.  This outcome is suggested as an alternative to a Rule 41(b) dismissal without prejudice because of the foregoing complications.

**A.  Grounds for Rule 41(b) dismissal without prejudice.**

Plaintiff assumes that the court's intention in including the above-quoted proviso in the subject order is simply and solely to foreclose any attempt to refile at a later time – *i.e.,* in a pleading subsequent to the second amended complaint ("SAC", hereinafter) – the very claims that, barring considerations not envisioned at this writing, she will withdraw by omitting them from the SAC.  *Plaintiff has no objection to this restraint,* so long as she is not prevented by the subject order from litigating her available state-law claims in state court.[2]

What prompts the instant motion is undersigned counsel's reading of the subject order as indicating that the dismissal expressed therein would – upon the filing of the SAC as contemplated – "operate[] as an adjudication on the merits", as provided by F.R.Civ.P. 41(b), and thus would be *with prejudice*:

> [F.R.Civ.P. 41](b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute
> or to comply with these rules or a court order, a defendant may move to dismiss

---

[2]  Pending now before the Maryland Commission on Civil Rights is a complaint alleging constructive discharge and other violations of her rights conferred by *MD Code,* State Govt. Art., Title 20.  Plaintiff fully intends to proceed in state court on her Title 20 claims when she is permitted to do so – i.e., after at least six months has passed since the filing of the Title 20 claims.  The individual Defendants named in the amended complaint – whom Plaintiff intends to drop from the instant case if she can litigate her claims against them in state court – can be sued in state court as appropriately as in this court.

the action or any claim against it. **Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.**

[Emphasis supplied.]   It is axiomatic that the phrase "adjudication on the merits" is the equivalent of "with prejudice" when referring to a Rule 41(b) dismissal.

The holding of the U.S. Supreme Court in *Semtek International, Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 506 (2001) appears to provide the opportunity, to proceed in state court, that Plaintiff seeks herein to ensure, but Plaintiff notes a dearth of Fourth Circuit authorities applying that holding.  Plaintiff refers to the following language in *Semtek*:

> * * * [T]he effect of the "adjudication upon the merits" default provision of Rule 41(b) * * * is simply that, unlike a dismissal "without prejudice," the dismissal in the present case barred **refiling of the same claim** in the [same court in which it was originally filed and dismissed]. * * * That is undoubtedly a necessary condition, but it is not a sufficient one, for claim-preclusive effect in other courts. [Footnote 2 omitted.]

[Emphasis supplied; ]

Although *Semtek* was a diversity case,[3] at least five federal courts of appeals have applied the above holding in nondiversity cases,[4] and the Fourth Circuit has acknowledged the *Semtek* rule in a passing reference to it:

> [Appellant] Ruth Jaffe simply ignores this precedent and argues that because the Florida judgment is based on Florida public policy, it, **like some Rule 41(b) dismissals on limitations grounds, see Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 501-506, 149 L. Ed. 2d 32, 121 S. Ct. 1021 (2001), is not a judgment "on the merits" for res judicata purposes.**

[Emphasis supplied.]   *Jaffe v. Accredited Sur. & Cas. Co.*, 294 F.3d 584, 592 (4th Cir. 2002).

In another case, the Fourth Circuit decided the issue of whether a Rule 41(b) dismissal should have been with or without prejudice, and even cited *Semtek* without mentioning that the question it decided could have been obviated by applying the rule that a Rule 41(b) dismissal "on the merits" – *i.e.*, with prejudice – precludes only the refiling of the same claim in the same court

---

[3] The U.S. Supreme Court in *Semtek* reversed a decision of the Maryland Court of Special Appeals that had held that a dismissal on limitations grounds by the U.S. District Court for the Central District of California.  The state court decision is reported at 128 Md. App. 39, 736 A. 2d 1104 (1999).

[4] *See*, *Storey v. O'brien*, No. 10-3303-cv (2d Cir. 2012) (nonprecedential) (*Semtek* court "defin[ed] an 'adjudication on the merits' pursuant to Rule 41(b) as 'barring the plaintiff from returning later, to the same court, with the same underlying claim'"); *Mitchell v. KDJM-Fm*, No. 10-1403 (10th Cir. 12/09/2010) (citing *Semtek* for proposition that "unlike a dismissal 'without prejudice,' the dismissal in the present case barred refiling of the same claim in the [same court]"); *Foster v. City of El Paso,* 308 Fed.Appx. 811 (5th Cir. 2009) (*Semtek* court "held that a dismissal with prejudice, without more, is not claim-preclusive"); *Center for Biological Diversity v. Veneman*, No. 02-16201 (9th Cir. 2005) (citing *Semtek* for the position that "a dismissal that precludes refiling of the same claim in the same court is an 'adjudication upon the merits' under Fed. R. Civ. P. 41(b)")*; Smith v. Woosley,* 399 F.3d 428 (2d Cir. 2005) ("Justice Scalia [writing for the unanimous *Semtek*] first rejected the idea that Rule 41(b) necessarily gives preclusive effect to every district judgment that dismisses a claim as time-barred and does not state that the dismissal is without prejudice").

that originally dismissed that claim. *See*, *Payne v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006), in which the court affirmed a Rule 41(b) dismissal without prejudice:

> Fed. R. Civ. P. 41(b). The rule gives the district court discretion to "otherwise specify" that a dismissal is not "an adjudication upon the merits," i.e., that it is a dismissal without prejudice. Id. We made this clear in Shoup v. Bell & Howell Co., 872 F. 2d 1178 (4th Cir. 1989), when we ruled that a dismissal based upon a ground not enumerated in the rule was an adjudication on the merits because the district court "did not otherwise specify the dismissal to be 'without prejudice,' and the [plaintiffs] failed to move the court … to specify that the judgment was 'without prejudice.'" Id. at 1180; **see also Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 503, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001) ("Rule 41(b) sets forth nothing more than a default rule for determining the import of a dismissal (a dismissal is 'upon the merits,' with the three stated exceptions, unless the court 'otherwise specifies').")**.
>
> Here, the district court's order explicitly stated that the case was to be dismissed without prejudice and provided clear reasons explaining why this approach was appropriate. Namely, the district court was understandably concerned that a dismissal with prejudice might somehow deny on statute of limitations grounds any claim Payne might refile, despite the Virginia Supreme Court's ruling giving Payne an additional six months to re-file. **Rule 41(b) gave the district court this discretion, and, under these circumstances, we cannot say that the district court abused it.**

[Emphasis supplied.]   So the avenue taken by the trial court and the Fourth Circuit in *Payne*, *supra*, is precisely what Plaintiff asks of this court – in an abundance of caution.

Plaintiff notes further that a Rule 41(b) dismissal "on the merits" is appropriate only in extreme circumstances.  9 C.A. Wright, *et al.*, *Federal Practice and Procedure,* § 2368 at 597 n23 (2008), citing, *inter alia*, *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976), which laid down the following criteria:

> A district court may dismiss an action for lack of prosecution, either upon motion by a defendant pursuant to Federal Rule of Civil Procedure 41(b) or on its own motion. Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974). Because dismissal is such a harsh sanction, however, it "should be resorted to only in extreme cases." Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 149 (3d Cir. 1968). In

deciding whether a case should be dismissed, a district court must consider conflicting policies: "[against] the power to prevent delays must be weighed the sound public policy of deciding cases on their merits." Reizakis, 490 F.2d at 1135.

In Reizakis this court listed factors that must be taken into consideration in determining whether dismissal was proper under Rule 41(b). [Footnote 3 omitted.] First is the degree of personal responsibility on the part of the plaintiff. Dismissal should be ordered "'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" 490 F.2d at 1135. Second is the amount of prejudice to the defendant caused by the delay. "[Generally] lack of prejudice to the defendant, though not a bar to dismissal, is a factor that must be considered in determining whether the trial court exercised sound discretion." Id. The court in Reizakis also considered whether the record indicated a "'drawn out history' of ' deliberately proceeding in a dilatory fashion'" and whether the trial court had considered sanctions less drastic than dismissal. To the same effect is Bush v. United States Postal Service, 496 F.2d 42 (4th Cir. 1974).

In light of the above-quoted criteria, Plaintiff must assume that the court intends only to restrain Plaintiff from attempting to refile the claims at issue at some later date.  Plaintiff has no intention of doing so.[5]

**Grounds for dismissal by order of court, pursuant to Rule 41(a)(2), without prejudice.**

As noted *supra*, the district court in *Melvin v. SSA, supra,* permitted a Rule 41(a)(1)(A)(I) voluntary dismissal without prejudice of fewer that all of the claims that were presented and despite the pendency of a motion that could have been converted to one for summary judgment. Here is the court's reasoning:

> The court must first consider whether plaintiff has the absolute right to voluntarily dismiss her remaining claims. Rule 41(a)(1)(A)(I) gives a plaintiff the right to "dismiss an action without a court order by filing a notice of dismissal before the

---

[5]  The "worst-case scenario" that undersigned counsel can envision would be one in which it was found that complete relief was unavailable under state law and invocation of federal law was necessary to remedy a specific wrong that would otherwise not be remedies.  But in that event, Plaintiff would raise such a federal claim in state court – which might, or might not, trigger a removal to this court.  Undersigned counsel regards this as an exceedingly remote possibility.

opposing party serves either an answer or a motion for summary judgment." See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546-48 (4th Cir. 1993). **Although Rule 41 speaks of dismissing an "action," partial dismissals are allowed under the rule. See, e.g, Leverette v. Bell, 247 F.3d 160, 164 (4th Cir. 2001) (noting voluntary dismissal of one claim  [6] with second claim remaining pending); Grier v. Titan Corp., 25 F. Supp. 2d 719, 720 ("Prior to trial, some claims were disposed of by way of voluntary dismissals and partial summary judgment.").**

As already noted, on July 1, 2010, more than two months before plaintiff filed her motion for voluntary dismissal, defendants filed a motion captioned as a **"motion to dismiss or, in the alternative, motion for summary judgment."** Accordingly, the question presented here is whether this motion qualifies as a motion for summary judgment that will defeat plaintiff's absolute right to voluntarily dismiss her remaining claims. **The Fourth Circuit's decision in Finley Lines Joint Protective Board v. Norfolk Southern Corp., 109 F.3d 993 (4th Cir. 1997), suggests that the answer to this question is "no" and that plaintiff retains the right to voluntarily dismiss her remaining claims.**

The plaintiff in Finley filed a notice of voluntary dismissal after the defendant had filed a motion to dismiss along with supporting affidavits. 109 F.3d at 994. The district court vacated the notice of voluntary dismissal and granted the motion to dismiss, ostensibly because a motion to dismiss under Rule 12(b)(6) that is  [7] accompanied by supporting affidavits may be converted into a motion for summary judgment under Rule 56. Id. **The Fourth Circuit reversed, holding that "a motion to dismiss supported by extraneous materials [is not] automatically convert[ed] to a summary judgment motion upon service." Id. at 996. Instead, the conversion takes place "at the discretion of the district court . . . at the time the court affirmatively decides not to exclude extraneous materials." Id. (internal quotation marks omitted). Accordingly, a plaintiff may voluntarily dismiss claims under Rule 41(a)(1)(I) until the court affirmatively converts a motion to dismiss to one seeking summary judgment. Id. at 996-97.**

**This case differs from Finley in that defendants' motion here is clearly captioned as one seeking summary judgment as an alternative to dismissal under Rule 12(b)(6), whereas the motion to dismiss in Finley did not explicitly mention summary judgment. This is a distinction without a difference, however. As in Finley, the court has the discretion to treat defendant's motion as one under Rule 12(b)(6) by excluding the extraneous materials. Moreover, the text of defendants' motion clearly indicates that summary  [8] judgment is an alternative ground and that dismissal under Rule 12(b)(6) is the relief requested by the motion. Finally, although the**

> **motion in Finley was captioned only as a motion to dismiss, the defendant in that case filed a separate motion asking the court to treat its motion to dismiss as a motion for summary judgment. In short, Finley suggests that it is the court's treatment of a motion to dismiss, rather than how it is captioned or supported, that determines whether the motion is converted to a motion for summary judgment to defeat voluntary dismissal.**
>
> **Accordingly, the court finds that plaintiff has an absolute right under Rule 41(a)(1)(A)(I) to dismiss her remaining claims without prejudice because defendants have not yet filed an answer or a motion for summary judgment, and the court has not yet converted defendants' motion to dismiss into a motion for summary judgment.**

[Emphasis supplied.]

*Moore's Federal Practice* explains further that Rule 41(a)(1) terminates an action, which means the totality of all component claims, i.e., legal causes of action, asserted against a **single defendant."** [Emphasis supplied.]   In substantial agreement are five federal appellate courts, as noted by the Ninth Circuit in *Pedrina v. Chun*, 987 F.2d 608 (9th Cir. 1993):

> The question presented by this appeal is whether Rule 41(a)(1) allows a plaintiff to dismiss without a court order fewer than all of the named defendants, or whether the Rule is limited to dismissals of the plaintiff's entire case.
>
> The answer to this question turns on our interpretation of the word "action" in Rule 41(a)(1), and whether it refers to the entire controversy against all the defendants, or to the entirety of claims against any single defendant. Other circuits are divided on the question. Compare Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 253-55 (5th Cir. 1973) (plaintiff is entitled to a dismissal against one defendant under Rule 41(a)(1), "even though the action against another defendant would remain pending.") with Harvey Aluminum, Inc. v. American Cyanamid Co., 203 F.2d 105, 108 (2d Cir.), cert. denied, 345 U.S. 964, 97 L. Ed. 1383, 73 S. Ct. 949 (1953) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'").*fn1
>
> We agree with the First, Third, Fifth, and Eighth circuits that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment.*fn2 Rule 41(a)(1) is "designed to

permit a disengagement of the parties at the behest of the plaintiff . . . in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." Armstrong v. Frostie Co., 453 F.2d 914, 916 (4th Cir. 1971). Permitting a plaintiff to dismiss fewer than all of the named defendants is consistent with this purpose.

_____

*fn1 The First, Third, and Eighth circuits agree with the Fifth. See Cabrera v. Municipality of Bayamon, 622 F.2d 4, 6 (1st Cir. 1980); Young v. Wilky Carrier Corp., 150 F.2d 764, 764 (3d Cir.), cert. denied, 326 U.S. 786, 90 L. Ed. 477, 66 S. Ct. 470 (1945); Johnston v. Cartwright, 355 F.2d 32, 39 (8th Cir. 1966).

Only the Second and Sixth circuits disagree. See Harvey Aluminum, supra ; Philip Carey Mfg. Co. v. Taylor, 286 F.2d 782, 785 (6th Cir.), cert. denied, 366 U.S. 948, 6 L. Ed. 2d 1242, 81 S. Ct. 1903 (1961).

[27]    *fn2 This view is endorsed by the principal treatises on civil procedure. See 9 C. Wright and A. Miller, Federal Practice & Procedure, Civil § 2362 at 149-150 (1971) ("The sounder view and the weight of authority" suggest that a plaintiff may use Rule 41(a)(1) to dismiss fewer than all of the named defendants); 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice Par. 41.06-1, at 41-86 to 41-88 (2d ed. 1992) (The "better view" holds that Rule 41 permits dismissal "whether it is fewer than all the defendants against whom a dismissal is sought to be taken, or fewer than all the plaintiffs who seek to withdraw from the action.").

Plaintiff relies on the foregoing discussion of Rule 41(a)(1)(A)(I) while seeking a court-sanctioned dismissal pursuant to Rule 41(a)(2) because both provisions use the word "action". At least one court has recognized that both subdivisions should be interpreted in the same manner. *Envtl. Dynamics, Inc. v. Robert Tyer & Assocs.*, 929 F.Supp. 1212, 1225-26 (N.D. Iowa 1996) (Rule 41(a)(2) is also an appropriate vehicle to dismiss "all claims against a particular defendant in a multi-defendant action"), citing *Pedrina v. Chun*, 987 F.2d 608, 609 & n.1 (9th Cir. 1993).

This court has refused at least once to allow such partial dismissals, however.  In *Joyner V. A.c. & R. Insulation Co.*, Civil No. CCB-12-2294, the court construed Rule

41(a)(1)(A)(I) as allowing dismissal only of an entire case, which it referred to as an "action". In this case, moreover, the court cited *Pedrina* but neglected to mention the *Pedrina* court's above-quoted conclusion regarding Rule 41(a)(1)(A)(I) and the agreement of four other circuits (other than the Fourth). Thus the court construed "action" as referring to all claims against all defendants, contrary to the weight of the authorities cited *supra*.

**CONCLUSION.**

Plaintiff submits that the parties and the court would be well served by a prompt resolution of the question of whether she will be permitted a clear path in which to prosecute her state-law claim in state court.

Respectfully submitted.

Date: September 30, 2014.

/s/ GERARDINE M. DELAMBO,
  Attorney for Plaintiff
Bar No. 28175
705 Deepdene Road
Baltimore, MD 21210
410-433-1132; 443-617-0674 (fax)
sparky4242@comcast.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September, 2014, the foregoing Motion to Modify the Order of September 26, 2014, was served electronically upon Defendants' counsel, Michele J. McDonald, Assistant Attorney General, at mmcdonald@oag.state.md.us.

/s/ GERARDINE M. DELAMBO