IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KIM K. SUMNER, | * | |
| *Plaintiff* | * | Civil Case No. 1:13-cv-00539-JRG |
| v. | * | |
| MARYLAND JUDICIARY/ DISTRICT COURT OF MARYLAND, et al., | * * | |
| *Defendants* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REFERRAL FOR MEDIATION AND FOR STAY

Defendants file this opposition to Plaintiff's motion for principally two reasons. First, to correct certain erroneous factual assertions made by Plaintiff and second, to oppose Plaintiff's motion for referral for mediation and request to stay these proceedings.

Defendants do not object categorically to the referral of the parties to a federal magistrate for the purpose of exploring settlement as Defendants have twice joined in a joint request seeking such a referral. Defendants instead oppose any such referral unless and until the court decides Defendants' pending motion to dismiss. At present, the case remains in a seemingly endless loop of successive amended complaints and corresponding motions to dismiss.

Within the past calendar year, Plaintiff has filed three amended complaints. On April 21, 2014, the court accepted Plaintiff's first amended complaint totalling 92-pages

and 236 paragraphs. *See* ECF No. 51. The Amended Complaint added seven individual defendants, race discrimination and retaliation claims, and additional counts brought under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986.

On July 8, 2014, Defendants filed a 55-page motion seeking the dismissal of Plaintiff's Amended Complaint, which Plaintiff opposed. *See* ECF No. 58, 63, 74.

On July 29, 2014, Plaintiff filed a Second Amended Complaint. *See* ECF No. 76. The Second Amended Complaint dropped the five additional counts added by the Amended Complaint including the claims brought under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986 as well as the seven individual defendants and the claim of constructive discharge. However, Plaintiff failed to seek consent of counsel or leave of court to amend and Defendants, therefore, moved to strike the second amended complaint or alternatively, requested time to respond to the improperly filed complaint. *See* ECF 85.

By order dated September 16, 2014, the court granted Plaintiff 20 days in which to file a Second Amended Complaint, which was filed on October 7, 2014. *See* ECF No. 86, 89. Pursuant to the court's order directing Defendants to answer or file a motion within 20 days of the filing of the Second Amended Complaint, Defendants filed a motion to dismiss on October 28, 2014 at 2:19 a.m. *See* ECF No. 89, 92. Defendants immediately filed a motion demonstrating good cause and requesting that the filing be accepted as timely when filed 2 hours and 19 minutes after the deadline. *See* ECF No. 96. Plaintiff did not file a response to either motion, nor seek an extension of time in which to file a response, but instead filed the subject motion seeking referral to a

magistrate and a stay of the proceedings.  *See* ECF No. 97.

**I.   DEFENDANTS ARE AMENABLE TO EXPLORING SETTLEMENT WITH A FEDERAL MAGISTRATE BUT OPPOSE REFERRAL TO A MAGISTRATE UNLESS AND UNTIL DEFENDANTS' MOTION TO DISMISS IS DECIDED.**

Although Defendants remain amendable to exploring settlement with a federal magistrate, and have twice joined in requesting such a referral, Defendants oppose Plaintiff's current motion seeking referral unless and until Defendants' motion to dismiss is decided by the court.  Because Plaintiff has filed three amended complaints, vastly enlarging the scope of this litigation, and multiple other motions, Defendants have been forced to expend considerable time and resources preparing and filing two voluminous motions to dismiss, a reply, a motion to strike, a motion to seal exhibits, a reply to the opposition to seal, and this motion, as well as locating the seven individual defendants, and assessing whether representation of the individual defendants may be made by the Office of the Attorney General.  Defendants seek either outright dismissal of the Second Amended Complaint or a significant and appropriate narrowing of the claims, issues, and defendants in this litigation.  In the motion to dismiss, Defendants identified significant procedural and pleading deficiencies in Plaintiff's Second Amended Complaint.  These deficiencies should be addressed so that the litigation may move forward expeditiously. Most importantly, educating the parties as to the viability of the claims advanced in the Second Amended Complaint may promote more reasonable and informed negotiation in any subsequent referral for settlement.

Plaintiff's representation that Defendants have failed to communicate with

Plaintiff's counsel concerning her desire to continue to pursue a referral to a federal magistrate is factually incorrect. *See* ECF 97, p. 3, n. 5.  On September 11 and September 12, 2014 Defendants' counsel communicated Defendants' continuing amenability to exploring settlement with a federal magistrate, but could not forecast what position Defendants would take with respect to the proposed filing of a Fourth Circuit mandamus action seeking to compel a referral.  *See* Exhibit 2, 3.  Defense counsel did not respond to a subsequent inquiry from Plaintiff's counsel regarding this same matter made the day after Defendants' filed their motion to dismiss Plaintiff's Second Amended Complaint as Defendants' position had been explained twice before.  *See* Exhibit 4.

Plaintiff is likewise mistaken in her assertion that Defendants' motion to dismiss was filed four days late.  *See* ECF 97, p. 4, n.8.  Pursuant to this court's order dated September 16, 2014, Defendants were directed to file an answer or motion within 20 days of the filing of the Second Amended Complaint.  *See* ECF 86.  Because the Second Amended Complaint was filed October 7, 2014, Defendants' answer or motion was due October 27, and was, in fact, filed 2 hours and 19 minutes past the close of that date at 2:19 a.m.  *See* ECF 92, 96.  Plaintiff has filed no objection to Defendants' motion to accept the filing as timely nor has Plaintiff filed any response to Defendants' motion to dismiss.

In the instant motion, Plaintiff states that she "seeks to obviate the filing of a response to. . . [the motion to dismiss] by means of the immediate stay and referral for mediation sought herein."  ECF No. 97, p. 4.  However, the filing of a request for stay

does not toll the time for responding to a pending motion. Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(1). Thus, a party must seek an extension of time in which to file a response and demonstrate good cause to the court. Here, Plaintiff has not sought an extension of time in which to file a response by filing any such motion.

Defendants fully acknowledge the value of a referral to a magistrate and, indeed, remain amenable to such a referral. Defendants object, however, to the timing of the request and the accompanying request for stay as Defendants have expended considerable time in responding to the Second Amended Complaint through the motion to dismiss and are entitled to resolution of the issues raised therein.

## II. STAYING THE PROCEEDINGS WILL PREJUDICE DEFENDANTS AND UNNECESSARILY DELAY AN ALMOST TWO–YEAR OLD CASE THAT HAS NOT PROGRESSED PAST THE MOTION TO DISMISS PHASE.

The power of a district court to stay proceedings is an offshoot of a court's inherent power to control its docket. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to exercise this power, a court "must weigh competing interests and maintain an even balance." *Id.* This determination is squarely within the court's exercise of discretion. If there is a possibility that the stay could be detrimental to another party, then the movant must justify it by "clear and convincing circumstances outweighing" such possible harm. *Williford v. Armstrong World Indus., Inc.,* 715 F.2d 124, 127 (4th Cir.1983).

Defendants oppose Plaintiff's request for a stay of these proceedings for two reasons. First, this case has been delayed unnecessarily by the repeated successive filing of amended complaints. Almost two years have passed since the case was filed and the matter has not progressed beyond the motion to dismiss phase. There needs to be a final determination of the viable claims in order to advance the litigation so that the parties may engage in meaningful, productive and informed settlement discussions. Accordingly, Defendants seek a determination of their motion to dismiss.

Second, staying the case, which was initially filed in February 2013, and arises out of allegations of sexual harassment occurring in 2010, prejudices Defendants as witnesses' memories fade, witnesses and defendants leave State service and become unavailable or difficult to locate, and evidence grows stale. Plaintiff has placed these claims before the court and Defendants are entitled to a determination of the viability of these claims.

WHEREFORE, Defendants respectfully request that this Court deny Plaintiff's motion for referral for mediation and for stay.

A proposed Order is submitted with this motion.

        Respectfully submitted,

        DOUGLAS F. GANSLER
        Attorney General of Maryland

        /s/
        MICHELE J. McDONALD
        Assistant Attorney General
        Federal Bar No. 23603
        200 St. Paul Place, 20th Floor
        Baltimore, Maryland 21202
        (410) 576–6576 (telephone)
        (410) 576–6393 (facsimile)
        mmcdonald@oag.state.md.us

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 5, 2014, a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Referral for Mediation and for Stay Were Served By Electronic Means Via The Court's Case Management / Electronic Case Files (CM/ECF) system on the persons entitled to receive such notice.

Gerardine M. Delambo
705 Deepdene Road
Baltimore, MD 21210
*Attorney for Plaintiff*

                                       /s/
                              Michele J. McDonald
                              Assistant Attorney General